Nott, J.,
delivered the opinion of the court:
The claimant enlisted in the Twelfth Tennessee Volunteers on the 24th September, 1863, and was mustered out of service with his regiment on the 5th September, 1865. This suit to recover certain pay and allowances was not brought till the 16th September, 1871, being more than six years after his muster-out) and the Government has set up the statute of limitations.
The plea of the statute of limitations divides the consideration of the claimant’s demand into two parts: First, of the pay and allowances due to him at the time of his muster-out; second, of the bounty given by the Aet July 28,1866, (14 Stat. L., p. 322, § 12.)
As to the former, it is said by the claimant’s counsel that the right of action was suspended by certain charges of desertion, and remained suspended until the charges were removed. It has been the practice of the accounting officers of the Treasury, under a decision of the Second Comptroller, to refuse to examine' a soldier’s accounts who stands reported as a deserter, *411 the Second Comptroller very properly holding that the stigma and forfeiture incident to desertion should be removed by the Department having immediate authority to investigate and act upon the charge; but we are aware of no statute which would authorize the Executive Departments to take away, in their discretion, a right of action given by statute. A soldier serves under contract, as was decided in Kelley's Case, (5 C. Cls. B., 476,) and, like other contractors, may bring his action against the Government. The claim for pay and allowances due when the soldier was mustered out of the service unquestionably accrued then, and then the statute of limitations began to run. (Amended Court of Claims Act, 12 Stat. L., p. 765, § 10.)
The second part of the demand, the claim for bounty under the Act July 28,1866, is not barred by the statute of limitations. It rests entirely upon the terms of that statute and of certain subsequent acts of Congress. The comprehensive opinion of Judge Milligan in Philbroolc's Case, (8 O. Cls. B., 523) has brought all of the bounty-laws before us, and leaves little to be done besides applying his labors to the present case. The twelfth section of the Act July 28,1866, gives a bounty of $100 to a soldier upon certain conditions, and among others that he “ served the time of his enlistment" and that he “ has been honorably discharged." ' The soldier in this case did not serve the time of his enlistment; that is, three years. But the Act Mar eh 3, 1869, (15 Stat. L., p. 334, § l,)"provides “ that, when a soldier's discharge states that he is discharged by reason of 1 expiration of term of service,’ he shall be held to have completed the fall term of his enlistment, and entitled to bounty accordingly." In this case no discharge whatever is produced. Still, if their were no other objection, it is possible that his muster-out with his company at the end of the war might be taken as a discharge “at the expiration of his term of service." But this construction will not obviate the want of proof that he was “ honorably discharged."
Furthermore, the Act July 28,1866, provides (§ 14) that a soldier who has sold his bounty shall forfeit all claim to it; and “ ichen application is made by any soldier for said bounty, he shall be required, tinder the pains and penalties of perjury, to make oath or affirmation of his identity, and that he has not so bartered, sold, assigned, transferred, exchanged, loaned, or given away either his discharge-papers or any interest in any bounty as aforesaid and the Act March 3, 1869, (15 Stat. L., p. 334, § 4,) provides that *412 all claims for bounty under the foregoing statute “ shall be void unless presented in due form prior to the 1st day of December, 1S69.’7 The Act July 13,1870, (16 Stat. L., 254,) further extends the time for filing claims, and the Act April 22,1872, (17 Stat L., 54,) ends the series by again extending the time to the 30th January, 1873. In the case before us it does not appear that the claimant ever presented his claim for this bounty to the proper officer, and it is impossible for the court to infer that it was “presented in due form ” within the time limited by law.
If these provisions of the statutes related merely to the powers of the auditing officers, it might be argued that they imposed no limitation on this court; in other words, there might be one statute of limitations for the executive and another for the judiciary. But two things are to be observed which shut out the consideration of any such question: First, the bounty was not a part of the contract, but a statutory gratuity which might be given and taken away at the will of Congress; second, the statutes which gave it expressly provided that upon the noncompliance of the soldier with certain conditions “it shall be void.” Here the soldier has neglected to show a compliance with any of these conditions, and his claim must consequently fail.
The judgment of the court is that the petition be dismissed.