Weldon, J.,
delivered the opinion of the court:
The petition alleges that one Isaac S. Eandall entered into a transportation contract with the defendants, known as No. 61220, which began on the 1st day of July, 1881, and expired on the 1st day of July, 1882; that the decedent and C. P. Head were surety on the contract in the penal sum of $20,000; that on the 16th day of September Eandall defaulted in the execution of the contract; that the decedent and his co-surety were notified of such default, and called upon by the proper authorities to fulfill the same or pay the penalty, and that thereupon the decedent and his cosurety notified said authorities that they would complete the contract; that they did proceed in the execution of the agreement, and within the time performed the same; and that in the settlement of the account the officers of the defendants improperly withheld the sum of $2,288.91.
It is further alleged that the deduction of the $2,288.91 was made to reimburse the defendants for the cost of a train which had been ordered because of the default of the principal in the execution of the contract. It is also alleged that the train ordered by the officers of the defendants was unnecessary and useless, as the sureties were ready and willing at all times to pterform the agreement.
The petition alleges that the contract was completed by the decedent, and that, by an agreement made by the decedent and Head, the proceeds of such completion should belong exclusively to the decedent. It is not necessary to quote further from the petition in order to understand the claim made by the plaintiff. The evidence shows that the contract was completed in February, 1882, and in a settlement and payment by the assistant quartermaster, on March 7,1882, a deduction of $2,288.91 was made from the amount due the decedent.
In the letter of the quartermaster he states: u This payment maybe received by claimants under written protest, and a claim prepared for payment of the amount which, in tbeir opinion, shall have been improperly withheld.” The letter was addressed to the chief quartermaster of Arizona, who had charge of the matter.
On May 25,1882, the Third Auditor of the Treasury Department disallowed the claim, and referred the matter to the *3 Second Comptroller for bis official action, and on tbe 25th of October the Comptroller concurred in the decision of the Auditor, and so certified to- that officer.
The suit was commenced on the 30th of June, 1888.
The substantial allegations of the petition (except as to the improper deduction of the cost of the train ordered by the quartermaster, and upon that we exptess no opinion) are sustained by the testimony in the case.
The defendants, in connection with other defenses, plead the statute of limitations, and under that plea insist that the cause of action “first accrued” when the contract was completed, to wit, in February, 1882 $ and in reply to that contention the counsel for the claimant insist that the cause of action “first accrued” on the 25th of October, 1882, when the Comptroller affirmed the decision of the Third Auditor disallowing the claim.
The defense of the statute of limitations must be considered as the first plea, as it affects the jurisdiction of the court. If that is found in favor of the defendants, it ends all inquiry into any other branch of the case.
The statute (sec. 1069, B. S.) provides: “That every claim against the United States cognizable by the Court of Claims shall be forever barred unless the petition; * * # is filed * * * within six years after the claim first accrued.”
The twelfth article of the contract under which the service was performed in substance provides, that upon the arrival of the train at its destination the agent of the Quartermaster’s Department shall examine the stores, and if found in good condition and are delivered within the proper time, shall indorse the bill of lading accordingly, and upon such indorsement payment of the transportation shall be made. The contract having been fully performed, it is presumed that such a certificate was given.
The legal question presented by this record is when the cause of action “first accrued.” If upon the completion of the contract, then more than six years elapsed before the suit was brought and the plea is a defense. If the cause of action “first accrued’’upon the final rejection of the claim by the Second Comptroller, six years had not elapsed and the plea is not a defense. It has been the uniform decision of courts that the statute begins to run from the time the right of action *4 accrues. (Central Pacific B. B. Go., 24 C..01s. R., 124; Oatin v. Green, Cafl., 3 N., 270; Sail v. Vandigrift, 3 B., 374; Withers v. Biehardson, 5 T. B. M., 94.)
In the case of Carlisle (29 O. Cls. R., 44) it is said: “A claim first accrues when money becomes payable, unless a special demand is required by law. It is so by the common law.” It is also said in substance, in that case, that the contention that the meaning of the word “claim” as used in the statute, means a demand after a rejection by the accounting officers, is not a proper interpretation and construction of the law. But it is not necessary to multiply authorities on the question involved in this controversy. The case of Battelle (7 0. 01s. R., 297) is decisive of the issue. That case presented the exact question raised by this record, the claimant having relied on a presentation to the War Department and a disallowance by that Department within six years prior to the commencement of the suit. In the opinion of the court, it is in substance held that the purpose of the statute of. limitations is to require that the time at which the statute shall attach shall not be left to the creditor. The claim in that case grew out of a sale of goods, and the court decided that the statute of limitations must be held to run from the time when the delivery of the goods was made and the price became payable, and not from the time when an executive department disallowed the claim.
The Supreme Court in the case of Clyde (13 Wail., 35) said, in relation to a rule established by this court requiring the presentation to the proper executive department, that inasmuch as the rule was not one of practice, but an additional restriction upon the transactions of the court, it was void. The jurisdiction of this court is established by statutes which only requires that the party shall have a claim.
The decedent, in common with other necessary parties, had a perfect right of action at the time of the completion of the contract, which was in the month of February, 1882; and that time being more than six years before the commencement of the suit, the statute of limitations applies to the alleged cause of action, and the petition is therefore dismissed.