SUN SHIP BUILDING COMPANY *v.* UNITED STATES.

KENILWORTH COMPANY *v.* UNITED STATES.

DORRIS MOTOR CAR COMPANY *v.* UNITED STATES.

APPEALS FROM THE COURT OF CLAIMS.

Nos. 237, 240, 241. Argued April 15, 16, 1926.—Decided April 19, 1926.

Judgments of the Court of Claims rejecting claims because settled by agreement or manifestly not justified under the contracts involved, *held* clearly correct.

59 Ct. Cls. 156, 757; 60 Ct. Cls. 68, affirmed.

*Mr. Frank E. Scott* for appellant in No. 237.

*Mr. Benjamin Carter,* with whom *Mr. Junius G. Adams* was on the brief, for appellant in No. 240.

*Mr. John E. Hughes* for appellant, in No. 241.

*Assistant Attorney General Galloway*, with whom *Solicitor General Mitchell* and *Mr. Jerome Michael*, Special Assistant to the Attorney General, were on the briefs, for the United States.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

These are three appeals from the Court of Claims which it is convenient to dispose of together.

### No. 237.

The Sun Shipbuilding Company sought compensation on account of several items, chiefly one for loss sustained by it in obeying the request of certain naval officers and the Secretary of the Navy to hold free from other use a ship-way which they thought would probably be needed for the construction of one of a number of mine sweepers which the claimant was under a cost-plus contract to build. The claimant had private contracts to execute in which it could use this way, and which were thus delayed. The negotiations as to this way took place before the contract was drafted and executed. The contract provided for a Compensation Board to fix the cost, and specified elements of cost to be considered, including a proper proportion for loss resulting from displacement of, or delay in, work contracted for prior to the date of the contract, caused by or attributed to work, under emergency conditions, by the contractor for the Government, and items similar thereto in principle. The Court of Claims held that all the items of the claim were covered by the decision and award of the Board except one for $1,500 for which it gave judgment. On the findings and the contract we hold the conclusion correct, deny the motion to remand and affirm the judgment.

9542°—26——7

## No. 240.

The Kenilworth Company leased its hotel at Asheville to the Government for five months for use as a hospital, with a restriction that it should not be used for the purpose of receiving for treatment any person having tuberculosis in any form or any other like contagious or obnoxious disease, provided, however, that this should not apply to a patient housed temporarily in the premises for the purpose of an operation or the like. The suit was for breach of this restriction. The finding of the Court of Claims showed that no tuberculosis cases as such were received, and that the only ones actually housed were brought in for the purpose of an operation or the like. It was also alleged by the claimant that syphilitic cases were treated in the hospital. The finding of the Court was that such cases were not contagious within the meaning of the contract and denied the claim for damages. There is nothing in the record or in the other findings on which we can reach a different conclusion. We deny the motion to remand for further findings and affirm the judgment.

## No. 241.

The Dorris Motor Car Company had a contract with the Government for the manufacture of Liberty Motor governors and petrol air pumps. The contract provided for its cancellation by the Government in the event of the termination of the war or in anticipation thereof, upon thirty days' notice and payment for all articles delivered during the contract and the thirty days' period. The Ordnance Department notified the contractor to suspend operations under the contract December 14, 1918. The general manager of the claimant discussed the question of termination with the local Claims Board at St. Louis, which declined to recommend payment for anything un-

less the suspension was accepted. Thereupon a complete settlement was made, and the amount agreed upon paid. There was a reservation in the settlement which by no reasonable construction could include the claim here made. The claim was for profit for what might have been made in the 30 days. The Court of Claims held that the claim must fail by reason of the executed settlement and we affirm that judgment.

Valuable time was taken in hearing these cases. After arguments on behalf of the claimants, we declined to hear the other side because the correctness of the judgments of the Court of Claims was clear. It is fortunate for all that under the Act of February 13, 1925, judgments of the Court of Claims entered after May 13, 1925, can only be reviewed here after a showing of merits.