Moss, Judge,
delivered the opinion of the court:
The facts in this case are agreed, and may briefly be stated as follows:
Plaintiff, Atlantic Coast Line Railroad Company, transported on Government bills of lading dated October 5, 1916, and March 13, 1917, two consignments of military impedimenta from Fort Screven, Georgia, and Laredo, Texas, to State Camp, Yukon, near Jacksonville, Florida. The amounts claimed for said services were disallowed by the Auditor for the War Department on July 22, 1919, on the ground that the Government was entitled to the use of one baggage car free of charge for every 25 fares paid for the men accompanying the freight movement.
It is conceded by defendant that plaintiff’s contention on the principal question of law involved herein has been definitely settled, and in plaintiff’s favor, by the decision of this court in the case of Missouri Pacific Railroad Co. v. United States, 56 C. Cls. 341. It is seriously contended, however, that plaintiff is barred from recovery by reason of laches, and also by reason of the statute of limitations, under the provisions of section 156 of the Judicial Code.
It will be observed that the services herein were rendered in the months of October, 1916, and March, 1911. The claims were disallowed by the Auditor for the War Department in July, 1919. No further steps whatever were taken by plaintiff to secure the relief sought in this action until the petition was filed on February 10, 1925, nearly nine years after the rendition of the services, and nearly six years after the disallowance of the claims, and more than three years after the decision in the Missouri Pacific Railroad Company case which definitely settled the question of plaintiff’s right to the relief which it now seeks. It is not necessary, however, in the opinion of the court to determine the question as to whether plaintiff should be barred from recovery on the ground of laches, for the reason that under the de *581 cisions of this court plaintiff’s cause of action accrued upon the rendition of the services nearly nine years prior to the institution of this suit. This principle is announced in the case of St. Louis, Brownsville & Mexico Railway Co. v. United States, 68 C. Cls. 103, which cited with approval the case of Baltimore & Ohio Railroad Co. v. United States, 52 C. Cls. 468, wherein the court said: “ When the service in question had been rendered there were two courses open to the plaintiff for the assertion of its rights to compensation. One was to apply for payment through the disbursing or accounting officers of the Government, and the other was by action in this court.” See also Battelle v. United States, 7 C. Cls. 297.
We are of the opinion that plaintiff’s cause of action accrued upon the rendition of the services. The right of recovery, therefore, is barred by the statute of limitations. The petition will be dismissed, and it is so adjudged and ordered.
Sinnott, Judge; Green, Judge; Graham, Judge; and Booth, Chief Justice, concur.