Moss, Judge,
delivered the opinion of the court:
In this case the facts have been stipulated. The shipments involved herein were made, and the bills of lading issued therefor were accomplished more than six years prior' to the filing of the original petition; and the sole question to be determined is whether or not plaintiff’s claim is barred by the statute of limitations in such cases made and provided.
Section 156 of the Federal Code provides that—
“ Every claim against the United States cognizable by the Court of Claims shall be forever barred unless the petition setting forth a statement thereof is filed in the court * * * within six years after the claim first accrues.”
It is well settled by the decisions of the courts in this particular class of cases that the cause of action accrues upon *419 the rendition of the services. Baltimore & Ohio Railroad Co. v. United States, 52 C. Cls. 468; St. Louis, Brownsville & Mexico Railway Co. v. United States, 63 C. Cls. 103. See also Battelle v. United States, 7 C. Cls. 297, and the recent case of Atlantic Coast Line Co., decided in this court on January 7, 1929. [66 C. Cls. 576.]
In the Baltimore & Ohio case, which is cited with approval in the opinion in the St. Louis, Brownsville & Mexico Railway case, the rule is succinctly stated in the following language :
“When the service in question had been rendered there were two courses open to the plaintiff for the assertion of its rights to compensation. One was to apply for payment through the disbursing or accounting officers of the Government, and the other was by action in this court.”
It is, however, plaintiff’s contention that the bill of lading upon which the shipments in this case were made determines the accrual date of its cause of action. .Said bill of lading contains the following conditions:
“ It is mutually agreed and understood between the United States and carriers wlm are parties to this bill of lading that—
“ 1. Prepayment of freight charges will in no case be demanded by carriers. Upon surrender of this bill of lading duly accomplished payment will be made to the last carrier, except where otherwise specifically stipulated.”
Paragraph 8 of the “ Instructions ” printed on the reverse side of said bills of lading provides:
“ Only one copy of a bill of lading will be issued for a single shipment. This bill, when receipted by the agent of the receiving carrier, will be returned to the consignor and by him mailed to the consignee, who will, upon receipt of the shipment, accomplish and surrender the bill to the last carrier. This bill then becomes the evidence upon which settlement for the service will be made.”
Said Government form of bill of lading also provided for a certificate of delivery, to be filled out by the Government *420 officer to whom the shipment was consigned, in. the following form:

Plaintiff, as the final carrier of the shipments herein, submitted its bills of charges based upon a certain rate, which was determined by the Government to be an unauthorized tariff rate, and was finally paid for said transportation services at a rate which was lower than the'rate claimed by plaintiff. It will be noted that plaintiff’s contention is that it could not bring an action in this court until the accounting officers of the Government had determined the question of the applicable rate to be applied to the shipments.. We are unable to agree with this contention. The right to demand payment accrues immediately upon the delivery of the property, and the accomplishment of the bills of lading and the effect of the terms and conditions contained in same were merely to provide a simple routine method for their accomplishment. This proceeding was in accordance with a long-established practice with respect to settling railroad accounts for Government transportation. Finding VI. The bills of lading did not attempt to fix the time for the payment of the service. In our opinion the rule announced in the decisions of the courts on the subject under discussion is not affected by the terms of the bill of lading. Thé court has long been familiar with the prevailing practice with respect to settling railroad accounts for Government transportation, and it must be *421 presumed that due consideration was given to same in its various decisions to the effect that the right of action accrues upon the rendition of the service. In the Atlantic Coast Line case the bill of lading was specifically discussed and Avas considered by the court in its decision of the case.
Aside, however, from the foregoing observations on this point, plaintiff’s contention appears to be in conflict with the spirit of the rule announced in a' number of decisions cited by defendant on its brief. Among the number we cite: United States v. Wilder, 13 Wall. 254-257; Finn v. United States, 123 U. S. 227-233; Battelle v. United States, 7 C. Cls. 297-301; Bowman v. United States, 10 C. Cls. 408-411; Patterson v. United States, 21 C. Cls. 322. The following language appearing in the opinion in the last-named case seems particularly pertinent:
“ The six years, by the plain provision of this statute, begins to run when the claim first accrues. That the fees in this case accrued at the time when the commissioner might have lawfully demanded payment will not be denied. After the fees became payable he had six years in which to make out his account, verify it by oath, present it to the district or circuit. court for approval, and prepare asnd file his petition in this court. In the case of Wilder v. United States (13 Wall. 254), the Supreme Court held that when no time of payment was fixed in the contract the statute of limitations began to run from the time the services, were rendered. * * * If he wants the aid of this court, he must perform his part of this preparation within six pears. If the statute runs only from the date of the court’s approval, practically there would be fio limitation at all. The commissioner could choose his own time in which to make out and present his account, and thus make the court the medium of reviving a stale and outlawed claim.” (Our italics.)
In the Battelle case this language is used:
“We think the claim ‘first accrued,’ in the language and meaning of the statute, when the right to demand the price for the property sold first vested in the petitioner.
“And any other construction would defeat the protection of the United States which the statute intends, for no time is fixed by law in which a creditor of the United States must present his claim to a department; and if the statute did not attach till such presentment was made, a creditor of the United States, by postponing that presentment, might post *422 pone the operation of the statute at his pleasure and thus extend the liability of the United States for twelve instead of ‘ six years,’ which is the term of time the statute specifies for the continuance of such liability, and on which it makes the payment of the debt and the loss of its evidence a presumption juris- et de jure.
“ The purpose of the statute of limitations requires that it would not leave the time at which.it is to attach at the control of the creditor.” (Our italics.)
We again announce the rule to be that the cause of action in this class of cases accrues upon the rendition of the service, and that the right of action is not suspended during the investigation of the claim by the executive officers of the government. The statute of limitations, intended as a wholesome protection of the Government, must not be permitted to depend upon any fluctuating or uncertain conditions that may arise from the delay occasioned by an investigation of disputed claims by executive officers. Plaintiff’s theory, if sustained, would prove subversive of the purpose of the limitation fixed by the law. To require a claimant to file his action in this court within six years after the accrtial of the cause of action should not be considered a great hardship. If it is necessary or' desirable that his claim be subjected to an investigation by the accounting officers of the Government, with the view of securing a settlement of it in the department, he may follow that course, but he must also file his action within the statutory period in order to prevent the tolling of the statute.
The petition will be dismissed, and it is so adjudged and ordered.
SiNNOTT, Judge; GebbN, Judge; Gkaham, Judge; and Booth, Chief Justice, concur.