Booth, Chief Justice,
delivered the opinion of the court:
The defendant demurs to plaintiff’s petition. The allegations of the petition assert a claim arising out of a contract to deliver to the United States 10,000 barrels of fuel oil at $4.0914 per barrel, the oil to be transported in contractor’s tank cars f. o. b. Group Three, Oklahoma, consigned to Standard Oil Company of New Jersey, at Bayway, New Jersey, the plaintiff and the United States being obligated under the contract to equalize freight differentials.
On June 10, 1920, the plaintiff was advised of the immediate need of oil by the New York supply depot and requested by the Government officer in charge of the depot to secure if possible a trainload of such oil in transit from a point nearer destination than Group Three, Oklahoma. The plaintiff did secure a trainload of the oil needed, in transit, at Heath, Ohio, and the same was delivered at the point of destination set forth in the contract. In compliance with the urgent request of the defendant, plaintiff incurred an additional freight charge of $4,843.36, i. e., in securing the oil for immediate delivery, plaintiff was compelled to pay and did pay a freight equalization fee of $4,843.36. With respect to the amount and payment of the sum of $4,843.36 sued for, there is no dispute. The petition further alleges that the plaintiff’s claim for $4,843.36 was disallowed by the Auditor for the War Department on November 1,1920; that thereafter plaintiff was requested by the Quartermaster General, U. S. A., to submit its claim to the Comptroller of the Treasury, which was done, the comptroller approving the action of the Auditor for the War Department on April 12 1921; that thereafter, upon request, the claim was submitted to the Comptroller General, where it was finally disallowed on September 21, 1921, being thereafter presented to the President on May 9, 1923. The petition herein was filed September 21, 1927. The single issue is the statute of limitations. The plaintiff’s petition was filed on the last day of the limitation period, for section 156 of the Judicial Code provides as follows: .
“ Every claim against the United States cognizable by the Court of Claims shall be forever barred unless the petition *200 setting forth a statement thereof is filed in the court * * * within six years after the claim first accrues.”
The plaintiff relies upon paragraph 17 of the contract to toll the statute. If it is ineffectual for that purpose the suit is manifestly barred. Paragraph 17 reads as follows:
“ 17. Adjustment of claims and disputes. — Except as otherwise specifically provided in this contract, any claims, doubts, or disputes which may arise under this contract, or as to its performance or non-performance, and which are not disposed of by mutual agreement, may be determined, upon petition of the contractor, by the Secretary of War or his duly authorized representative or representatives. If the Secretary of War selects a board as his authorized representative to hear and determine any such claims, doubts, or disputes, the decision of the majority of said board shall be deemed to be the decision of the board. The decision of the Secretary of War or of such duly authorized representative or representatives shall be final and conclusive on all matters submitted for determination: Provided, That where the decision is rendered by such representative or representatives, the Secretary of War may, at his option, either upon his own motion or upon petition filed with him by the contractor within 20 days after notice of the. decision of such duly authorized representative or representatives has been served upon him, review the action of such representative or representatives and render his decision thereon. Any sum or sums allowed to the contractor under the provisions of this article shall be paid by the United States as part of the cost of the articles or work herein contracted for and shall be deemed to be within the contemplation of this contract.”
It is difficult to grasp the force of plaintiff’s contention. In the first place, from the allegations of the petition, paragraph 17 of the contract was not observed. It is true the plaintiff’s claim was disallowed by the Auditor for the War Department, but this naked allegation does not disclose a compliance with paragraph 17 of the contract. In addition to this pertinent fact is another obvious one; that is, that a decision of the Secretary of War, had one been invoked and given, was made by the contract final and conclusive. The statute of limitations is jurisdictional in this court, and the only possible escape from it herein would require a holding *201 that plaintiff’s cause of action did not accrue until it had exhausted all the remedies prescribed in the contract for the adjustment of claims arising therefrom. This question has been so often before the court and so frequently determined adversely to the contention advanced that we think we need do no more than cite the very recent case of Southern Pacific Company v. United States, No. B-367, decided April 1, 1929 [67 C. Cls. 414]. To the same effect is Atlantic Coast Line R. R. Co. v. United States, No. E-92, decided January 7, 1929 [66 C. Cls. 576]. See also Curtis v. United States, 34 C. Cls. 1, 4.
The plaintiff is in fact and in law confronted with two obstacles: First, a failure to observe paragraph 17, and secondly, if the paragraph had been observed, the jurisdiction to adjust the claim was by the contract reposed exclusively in the War Department. See Brinck, Receiver, 53 C. Cls. 170, 177.
The demurrer will be sustained, and the petition dismissed. It is so ordered.
SiNNOtt, Judge; and GeeeN, Judge, concur.
Graham, Judge, took no part in the decision of this case; and Moss, Judge, took no part on account of illness.