Green, Judge,
delivered the opinion:
The plaintiff brings this suit to recover $16,434.70, which it alleges is due it for increased wages paid on work done for defendant under a written contract.
The evidence shows without dispute that the plaintiff entered into a written contract to furnish certain machinery and erect the same in the navy yards of the defendant for a fixed price, and the contract also provided:
“ If, after the date of the contract, there shall be any increase in the rates of wages prevailing in the vicinity of a place where work contemplated by the contract is done, that shall necessitate payment by the contractor, on account of labor employed exclusively upon such work, of rates of wages in excess of those prevailing in such, vicinity at the date of the contract, he shall receive additional compensation in a sum equal to one-half the amount of the increase in the rates of wages so required to be paid by him oyer the rates prevailing at the date of the contract: * * * And provided further, That any increase over the wage rates prevailing at the date of the contract before being granted by *276 the contractor shall be notified to and approved in writing by the Bureau of Yards and Docks. * * * The burden shall be upon the contractor of establishing to the complete satisfaction of the Bureau of Yards and Docks all facts upon which any claim for additional compensation hereunder shall rest,- and all questions growing out of any such claim shall be determined by the Navy Department, Bureau of Yards and Docks, whose decision thereof shall be final and conclusive., Determination of such claims shall be deferred until the completion of the contract.”
The evidence also shows that plaintiff did furnish and erect the machinery according to the contract and was paid therefor at the agreed price. The issue between the plaintiff and defendant arises over the claim of plaintiff that there was such an increase in the rate of wages, as referred to in the foregoing provision, which necessitated its paying the amount for which it seeks to obtain judgment.
To this claim the defendant interposes the following defenses:
(1) That plaintiff is barred from recovering increased wages in that it failed to pursue the remedy provided for in the contract, especially in the matter of giving notice to and obtaining the approval of the Bureau of Yards and Docks with reference to such increased wages;
(2) That the adjustment of the claim was by the contract reposed in the Navy Department, Bureau of Yards and Docks;
(3) That plaintiff’s claim is barred by the statute of limitations.
It also appears from the evidence that the work was performed in part by plaintiff and in part by a subcontractor employed by the plaintiff; and the defendant, in support of exceptions to the report of the commissioner, insists there is no evidence to show that the subcontractor paid any increase in wages.
In order to recover for the increased wages, the burden is upon the plaintiff to prove the matters required by the provisions of the contract above set forth, and, with the exception of the defense of the statute of limitations, the case turns entirely upon the facts as shown by the evidence.
*277 If plaintiff’s case rested alone upon the testimony of its witnesses, we should be compelled to find that there was no satisfactory evidence of the matters required to entitle it to recover herein. The testimony of these witnesses is indefinite, both as to the amount of increased wages paid and as to the notice to and approval by the Bureau of Yards and Docks that such wages had been put in effect on account of labor employed exclusively upon the work of the contract. But the testimony of these witnesses, taken together with the acts of the officials of the Government connected with the Bureau of Yards and Docks and the subsequent approval of the claim in such part as we deem allowable, is sufficient to satisfy us that the increases in wages were directed by the officers in charge of the Government yards in the vicinity; that it was necessary that plaintiff should pay in accordance therewith for the labor on the contract; that the Bureau of Yards and Docks had notice thereof and finally approved in writing the amount which we think the plaintiff is entitled to recover. We can not recite and review all of the evidence that leads us to this conclusion, but it is clearly shown that plaintiff did not make the increases on its own motion; that they were checked and accepted by the Bureau of Yards and Docks; that the plaintiff presented its claim therefor to said bureau; and that upon consideration thereof the bureau transmitted this claim with -a request of settlement to the General Accounting Office. The plaintiff relies largely and also properly, as we think, upon certain letters written by the Chief of the Bureau of Yards and Docks to the Comptroller General, which we think are sufficient in themselves to show the determination by that bureau of the amount to which the plaintiff was entitled and its approval thereof.
These letters, however, do not show an approval of the entire amount of plaintiff’s claim but only a part thereof, and indicate a disapproval of the claim made on account of increased wages paid by Browning & Company. With respect to this part of the claim arising with reference to the machinery furnished the Norfolk Navy Yard, the Bureau of Yards and Docks said:
*278 “ The contract was made with the Penn Bridge Company only, and the Browning Company so far as the Bureau is concerned, is regarded as a subcontractor. If the contractor was required to reimburse the subcontractor one-half the latter’s wage increase, it would appear to be entitled to repayment of but one-half the amount so reimbursed, or one-fourth the subcontractor’s wage increase.”
There is no direct evidence as to the relation of Browning & Company to the plaintiff, but it seems to be conceded in argument that Browning & Company was a subcontractor, and plaintiff accepts the commissioner’s finding to that effect. There is no evidence to show that the plaintiff agreed to pay Browning & Company anything on account of an increase in wages, or that it had paid anything or was required to pay anything to Browning & Company on that account. As before stated, the contract between plaintiff and defendant provided that the contractor “ shall receive additional compensation in a sum equal to one-half the amount of the increase in the rates of wages so required to be paid by him * * We think it clear, under the terms of the contract and the evidence, that plaintiff can recover nothing on account of any increase in wages paid by Browning & Company.
The claim of the plaintiff appears to have been made up of three items for machinery furnished the Norfolk, New York, and Philadelphia yards, respectively. On each of these items the Bureau of Yards and Docks found that increased wages to the amount of $2,064.02 had been paid by the plaintiff, and so stated in letters sent to the Comptroller General, which stated that the claim was “ transmitted, with request for settlement.” In other words, it was approved in the amount stated as to the increased wages paid by the plaintiff itself, but not as to the increased wages paid by Browning & Company for the reasons set out in the letters.
The defendant contends that plaintiff’s claim is barred by the statute of limitations, and this plea is based on the further contention that plaintiff’s cause of action accrued when the machinery was delivered. We do not agree but think that the cause of action did not accrue, under the terms of the contract, until the claim had been determined and ap *279 proved by the Bureau of Yards and Docks. Therefore the-claim was not barred.
The total amount of increased wages paid by the plaintiff itself was $6,192.06. Under the contract it is entitled to recover one-half of that amount. Judgment will be rendered' accordingly.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.