Williams, Judge,
delivered the opinion of the court:
On March 30, 1901, plaintiff entered into a contract with the United States, represented by John D. Long, Secretary of the Navy, by the terms of which plaintiff agreed to construct at its own risk and expense, in accordance with the provisions of the act of Congress of June 7, 1900 (31 Stat. 684), and in conformity with drawings, plans, and specifications, one protected cruiser of about 9,700 tons trial displacement, designated and known as “ Cruiser No. 22, Charles *52 ton ”, the vessel to be constructed of steel of domestic manufacture, and to be provided and fitted with machinery, engines, and boilers also of domestic manufacture, complete in all their parts, appurtenances, and spare parts, and to deliver the same to the navy yard at Norfolk, Virginia, within 36 months from the date of the contract, to such person as the Secretary might designate, for a consideration of $2,740,000.
The plaintiff constructed the vessel in accordance with the contract provisions, and numerous changes in the plans and specifications made by the defendant during the progress of the work, and delivered it to the Government 519 days after the date of completion and delivery fixed in the contract.
In the original petition filed on April 8, 1909, plaintiff claimed damages growing out of the work under the contract for the construction of the vessel in the sum of $150,641.96. Of the sum demanded $91,000 was claimed as damages resulting from the delay in the construction of the vessel due to changes in the drawings, plans, and specifications, $12,368.49 for increased cost of installing adequate foundations for the 6" guns, $35,610 on account of the failure on the part of the Government to deliver armor and ordnance at an earlier date, and for $11,663.47, a balance due under the contract as upon an account stated.
On December 27,1911, the plaintiff filed an amended petition in which it reasserted the claims made in the original petition, but increased its demand on account of delay due to changes in the plans and specifications from $91,000 to $139,398.00, and asked for a judgment in the sum of $199,039.96.
The provisions of the contract applicable to the various claims asserted in the amended petition are identical with the provisions of the contract for the construction of the Virginia, no. 30372, the West Virginia, no. 30373, and the Maryland, no. 30374, decided today, ante, pp. 1, 25, 37, in which the plaintiff made like claims growing out of the construction of those vessels. They are also substantially the same as the provisions of the contract for the construction of the battleship Nebraska, Moran Bros. Co. v. United States, 61 C.Cls. 73, where the contractor sought recovery on similar *53 claims. In these cases it was held that recovery could not be had on account of delays resulting from changes and the increased cost of the installation of adequate gun foundations. Because of the decision in the Moran Bros. Co. case, the commissioner of the court, to whom the instant case had been referred to take the proof and make a report as to the facts, excluded testimony in support of the claims for damages due to delay resulting from changes and increased cost of installation of gun foundations. The issues under the amended petition are thus narrowed to the claim for damages due to delay in the delivery of armor and the amount due the plaintiff for work under the contract, as upon an account sta'ted.
After the taking of the testimony had been completed, the defendant asked and was granted leave to file an amended answer in conformity with the proof. In the amended answer, upon which issue has been joined, it is plead that the plaintiff is barred or estopped from maintaining this action because, prior to filing the original petition on April 8, 1909, the plaintiff had instituted an action, upon which it recovered judgment in the Circuit Court of the United States, Eastern District of Virginia, for damages growing out of the performance of the identical contract involved in suit. While the plaintiff, upon the findings, is not entitled to recover except in respect to the claim for a balance due on the contract, and the decision could well be rested upon the merits of the case, the importance of the question raised in the amended answer, we think, requires its consideration and determination.
The contract provides “ * * * that when the vessel is completed, as required by the drawings, plans, and specifications, and ready for delivery * * *, she shall be subjected to a trial trip, in the open sea, under conditions prescribed or approved by the. Secretary of the Navy * * The action instituted by plaintiff in the Circuit Court for the Eastern District of Virginia was based on the alleged breach of this provision of the contract by the defendant. It was alleged in the petition that the trial trip of the Charleston, required by the Secretary of the Navy upon the completion of the vessel, was different from that provided in the *54 contract, and. that it entailed upon the plaintiff an additional expense of $6,404.00. It was further alleged that when the Secretary of the Navy required that the plaintiff should run the trial trip of the Charleston in the manner complained of, the plaintiff informed the Secretary that considerable extra expense would result therefrom and that the running of such trial would constitute a change under the contract under which, by virtue of the provisions relating to changes, the plaintiff would be entitled to extra pay for the additional expense involved. It was further alleged that the Secretary of the Navy refused to submit the said matter to the determinaion of any board and refused to make any allowance to the plaintiff on account of the additional expense incurred in running the trial trip. A copy of the contract was attached to the petition and made a part of it. The case was heard upon the merits, and judgment in the sum of $4,999.54 was awarded plaintiff, which upon appeal was affirmed by the Circuit Court of Appeals, Fourth District, United States v. Newport News Shipbuilding & Dry Dock Co., 178 Fed. 194.
We think the judgment in the Circuit Court is a bar to the plaintiff’s right to maintain this suit. The contract for the construction of the Charleston, although it contained many provisions covering the details of the work, was single and entire — the plaintiff was to build a completed vessel, for which the defendant was to pay a stipulated price subject to increase or decrease, as changes in the plans might add to or diminish the cost of construction. The amount plaintiff was entitled to receive for the work upon its completion constituted a single and indivisible demand or cause of action. Under the rule of law long established and followed in all our courts, Federal and State, a single cause of action or entire claim or demand cannot be split up or divided so as to be made the subject of different actions. (See 1 Corpus Juris, sec. 285, p. 1111, and authorities cited.) Even in contracts where several things are to be performed at several times, such as the payment of money in installments, where the rule obtains that although the contract in one sense is entire the performance is several, and that an action will lie for the breach of any of the stipulations, the *55 weight of the authority is to the effect that if an action is not brought until more than one breach of the contract, or until more than one claim or installment is due thereunder; all such breaches or claims or installments constitute but one cause of action and must be included in one action. Every breach of the contract alleged by plaintiff in this case, upon which damages are claimed, occurred prior to the date of the institution of its suit in the Circuit Court. The plaintiff in that action elected to assert but a single breach of the contract and prosecuted to judgment its claim for damages resulting therefrom. That judgment is a bar to another action for recovery on account of other breaches of the same contract. Baird v. United States, 96 U.S. 430. In the Baird case the court said:
“ But there is another objection to the recovery which is equally good. It is well settled that, where a party brings an action for a part only of an entire indivisible demand, and recovers 'judgment, he cannot subsequently maintain an action for another part of the same demand. Warren v. Comings, 6 Cush. (Mass.) 103. Thus, if there are several sums due under one contract, and a suit is brought for a part only, a judgment in that suit will be a bar to another action for the recovery of the residue. Here was a contract by which the Government was bound to pay for the engines in accordance with terms agreed upon. The entire price to be paid was not fixed. A part was contingent, and the amount made to depend upon a variety of circumstances. When the former action was commenced in the Court of Claims, the whole was due. Although different elements entered into the account, they all depended upon and were embraced in one contract. The judgment, therefore, for the part then sued upon is a bar to this action for the ‘ residue.’ ”
The rule announced by the court in the case cited has not since been modified and has been followed by the Federal courts of the United States. In L. Bucki & Son Lumber Co. v. Atlantic Lumber Co., 109 Fed. 411, the court said:
“ When the contract was ended, the claims of each party for alleged breaches and damages therefor constituted an indivisible demand; and when the same, or any part of the same, was pleaded, litigation had, and final judgment rendered, such suit and judgment constitute a bar to subsequent demands which were or might have been litigated. Baird v. U.S., 96 U.S. 430, 24 L.Ed. 703.”
*56 The plaintiff is entitled to recover, as upon an account stated, the balance admittedly due it for work under the contract, $6,663.47. Judgment in that amount is awarded and the petition as to all other items of the claim is dismissed. It is so ordered.
Whaley, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.