Booth, Chief Justice,
delivered the opinion of the court:
The plaintiff is a New Jersey corporation engaged in the manufacture and sale of submarine torpedo boats and similar vessels. A history of the transaction out of which this controversy arises involves not only the three contracts with the United States directly concerned, but the litigation in this court with respect to all the contracts the plaintiff had with the United States executed on various dates during the years 1915, 1916, and 1917, numbering in all thirty-two, including the three mentioned.
October 11, 1924, the plantiff brought suit in this court predicating a cause of action upon the thirty-two contracts > mentioned, which required the plaintiff to manufacture and delivér to the United States thirty-two (32) submarine torpedo boats. The petition was amended in 1925, and the case was docketed as D-795. On December 3, 1928, the plaintiff recovered a judgment in D-795 for $3,083,732.64, and the same was subsequently paid, less certain deductions mutually agreed upon. The claims asserted in D-795 were for retroactive and increased wages'and expense of police protection resulting from the decisions of the Shipbuilding Labor Adjustment Board, together with a contention that the United States was liable under the contracts upon a cost-plus basis.
Before and during the pendency of D-795 plaintiff had presented and was urging before the Navy Department á claim for the remission of certain penalties assessed under the terms of contracts for construction of torpedo boats AA-1, AA-2, and AA-3, because of delays in performance of the same beyond the limits of the contract periods. Article X of the contracts was as follows:
“ In case any question shall arise under this contract concerning deductions for delay * * *, such question with all the facts relating thereto, shall be submitted to the Secretary of the Navy for consideration, and his decision thereon shall be conclusive and binding upon the parties to this contract.”
*366 October 23,. 1925, the Secretary of the Navy fixed the number of days of delay attributable to plaintiff and defendant, resulting in a remission of penalties imposed upon plaintiff of $116,073.78. A copy of' the Secretary’s decision and allowance was sent to plaintiff February 23, 1927. When the- action of the Secretary reached the General Accounting Office the allowance was reduced therein to $25,903.78 and a check for this sum tendered in payment. The tender and check were refused by plaintiff on April 23, 1928. Subsequently, on May 22, 1928, the General Accounting Office reversed its former ruling and mistakenly allowed plaintiff $116,203.78, afterwards corrected to $116,073.78, which is the sum herein sued for.
In making settlement of the claim the General Accounting Office exacted of plaintiff previous to payment the execution of a release, by the terms of which plaintiff was required to absolutely release and discharge the United States “ of all claims arising out of these contracts.” This release the plaintiff could not sign, for the very obvious reason that the three contracts out of which the allowance grew were then involved in case D-795 pending and undecided by this court. Hence the settlement was not accomplished, notwithstanding plaintiff’s efforts to the contrary.
Apparently no further steps were taken by plaintiff to obtain from the General Accounting Office settlement of the claim until April 17, 1929, a date subsequent to-this court’s decision in D-795. This effort proved unavailing, the General Accounting Office holding that the entire claim, should be disallowed on the ground that the judgment in D-795 precluded its allowance. Plaintiff applied February 17, 1932, for a rehearing, which was denied April 8, 1932, and this suit was filed December 12, 1932, seeking a judgment under section 145 .of the Judicial Code for $116,073.78.
In 1 Corpus Juris 1106 we find this general rule stated: <£ a single cause of action or entire claim or demand cannot be split up or divided so as to .be made the subject of different actions.” The plaintiff rests the case upon a contention that in case D-795 the only issues before this court were claims for an increase of and retroactive wages, as well as cost of police protection lawfully imposed upon plaintiff *367 by the Shipbuilding Labor Adjustment Board. This contention, as we view it, concedes that the three contracts out of which the present case emanates were before this court in D-795, and that all claims arising out of the same could have been adjudicated.
We say what has just been said because we think it manifest that a suit to recover increased compensation for the performance of contracts predicated upon the terms of contracts, does of necessity involve whatever claims which may be asserted as due under the contracts. The remaining question, and the vital one in our opinion, is, Could the plaintiff have included the claim in suit and prosecuted the same in case D-795 ?
The three contracts, under which the plaintiff preferred the claim for remission of penalties to the Navy Department, contained the provision heretofore quoted in Article X. Plaintiff could not under familiar precedents sue in this court until the Secretary of the Navy acted. The right of action accruing to plaintiff was dependent upon this condition precedent. If the Secretary denied the claim his decision could only be challenged for actual or constructive bad faith. If he allowed the claim and payment was refused, a cause of action arose, and as plaintiff stated in the letter of April 23, 1928, to the General Accounting Office, “the finding and determination of the Secretary became conclusive and binding upon both parties to said contracts.” Gleason case, 175 U. S. 588; Warren Moore & Co. v. United States, 57 C. Cls. 576; Sun Ship Building Co. v. United States, 271 U. S. 96.
The Secretary decided October 23, 1925, that plaintiff was entitled to remission of penalties assessed for delay in performance of the three contracts in suit to the extent of $116,073.78. Thereafter the plaintiff elected to pursue the settlement of the same with the General Accounting Office when resort to this court was available. A remedy and a judicial forum were open to plaintiff. The petition in case D-795 could have been amended and this claim included. As a matter of fact, the plaintiff had ample time subsequent to the first and second difficulties experienced with the General Accounting Office to include the claim in case D-795.
*368 The cases Keene v. Gauen, 22 Fed. (2d) 723, and Fire Insurance Association v. Wickham, 141 U. S. 564, cited by plaintiff we believe to be inapposite. In neither case was the splitting of cause of action involved. As a matter of defense, two distinct claims, one disputed and the other undisputed, were disclosed to the court, and the settlement of one was pleaded as a settlement in full of both. .Only one suit was brought involving both claims.
In the case of the International Turbine Co. v. United States, 74 C. Cls. 132, 138, this court in deciding an issue similar to the one in suit, said:
u If, therefore, plaintiff had one entire claim or demand against the Government, suit should have been brought for the full amount in the first instance. Under such circumstances, at any time during the pendency of the former suit the plaintiff could, by appropriate proceedings, have corrected this defect in the pleadings and asked a recovery for the total amount sought to be recovered in both cases, and its failure to take such proceedings in the former case would operate as a bar to the cause of action presented in the suit now before this court.”
The suit is vulnerable for another reason, one quite conclusive. On October 23, 1925, the Secretary of the Navy allowed the claim of the plaintiff for the sum herein sued for. This date fixes the time for the running! of the statute of limitations.' This suit w;as not commenced until December 12,1932, more than seven years after the allowance. Section Í56 of the Judicial Code reads in part as follows:
“ Sec. 156. Every claim against the United States cognizable .by the Court of Claims, shall be forever barred unless the petition setting forth a statement thereof is filed in the court, or transmitted to it by the Secretary of the Senate .or the Clerk of the House of Eepresentatives, as provided by law,-within six years after the claim first accrues: * * * ” and this court has repeatedly held that presentation of a claim to a Government department within the six years and its rejection of the claim does not toll the statute of limitations. Curtis case, 34 C. Cls. 1; Southern Pacific Co. v. United States, 67 C. Cls. 414, 422; Baltimore & Ohio Railroad Company v. United States, 52 C. Cls. 468; Withers v. United States, 69 C. Cls. 584, 587 ; Penn Bridge Co. v. United *369 States, 71 C. Cls. 273; Nitro Chemical Corp. v. United States, 71 C. Cls. 453; Cohen, Goldman Co. Inc. v. United. States, 77 C. Cls. 113, certiorari denied 290 U. S. 681; Newport News Shipbuilding & Dry Dock Co. v. United States, 79 C. Cls. 46.
• Plaintiff’s petition will have to be dismissed. It is so ordered. .
Whaley, Judge; Williams, Judge; and GkbeN, Judge, concur.
LittletoN, Judge, dissents.