GkeeN, Judge,
delivered the opinion of the court:
There is no dispute over the facts upon which the plea to the jurisdiction of the court is based.
Plaintiff sues to recover the sum of $1,592.01, the amount paid by him to the defendant as the purchase price of a coal land entry. This entry was subsequently canceled by proper officers and the plaintiff made application to the Secretary of the Interior for refund of the purchase price. This application was approved by the Secretary on September 17, 1929, on the ground that the coal entry had been erroneously allowed and could not be confirmed because of fatal defects appearing on the face of the papers. The Comptroller General, however, on January 29, 1930, reversed the allowance of the claim by the Secretary of the Interior on the ground that the charges against the entry of plaintiff also included those of illegality and fraud and that such charges had been sustained. Acting under the decision of the Comptroller General, the General Land Office under date of February 8, 1930, denied the claim of the plaintiff for refund.
The Secretary of the Interior had authority to approve the claim of the plaintiff and he did so approve it. Both parties agree that the Comptroller General had no power to reverse this action of the Secretary of the Interior. The plaintiff contends that the claim having been sent to the Comptroller General’s office for approval and that official having failed to approve it, no cause of action accrued until after his decision. But we held in Electric Boat Co. v. United States, 81 C. Cls. 361, that where a claim has been approved by a duly authorized officer the rejection of the claim by the Comptroller General does not toll the running of the statute of limitations. The precise question involved in this case has, we think, been ruled upon by the Supreme Court in Globe Indemnity Co. v. United States, 291 U. S. 476. Much of the opinion in that case is devoted to the question of whether what is referred to as the “Heard Act” changed the general rule as to the authority of the Comptroller General and it was held that it did not. But before proceeding to discuss *698 this branch of the case, the court considered the Budget and Accounting Act which created the office of the Comptroller •General and defined his powers. With reference to his authority, the court said:
The function which he exercises in auditing and settling claims against the government is precisely that which was previously exercised by the Accounting Office in the Treasury Department. Before, as after, the Budget and Accounting Act, claims against the United States might be paid from the proper appropriation upon approval of the authorized officer of the department concerned, without previous settlement or audit by the accounting office.
In further considering the case before it, the Supreme ■Court held in effect that the decision of a duly authorized •officer approving a claim constituted a final settlement and that cases begun under the Heard Act constituted no exception to this rule. It is clear that plaintiff’s cause of action was established when the Secretary of the Interior allowed his •claim and he had six years thereafter in which to commence suit. Unfortunately, he waited until almost six years after the Comptroller General had made his decision and his ■action is therefore barred by the statute of limitations.
The case is a peculiar and unfortunate one as it seems that plaintiff had a meritorious claim which had been allowed ■and ought to have been paid, but we can only decide the •legal questions. For relief on the ground that a moral obligation exists to return the sum paid by plaintiff, application must be made to Congress.
The petition will have to be dismissed and it is so ordered.
Whalev, Judge; Williams, Judge; LittletoN, Judge; .and Booth, Chief Justice, concur.