**HUGHES TRANSP., Inc. v. UNITED STATES.**

**No. 3131.**

United States District Court, E. D. South Carolina. Charleston Division.

Jan. 5, 1953.

Bailey & Buckley, Charleston, S. C., Frank B. Hand, Jr., Washington, D. C., for plaintiff.

Ben Scott Whaley, U. S. Atty., Charleston, S. C., Russell D. Miller, Asst. U. S. Atty., Florence, S. C., for defendant.

WILLIAMS, District Judge.

The plaintiff brought its suit against the United States on March 21, 1952, for transportation services for certain shipments of airplane engines. Paragraphs Three (3), Four (4) and Five (5) of the complaint set out the pertinent issues which are involved in this case. These paragraphs read as follows:

"3. This suit arises from the failure of the Comptroller General of the United States, acting for and on behalf of the United States, to authorize, and cause to be paid to plaintiff, the proper and lawful transportation charges for certain shipments of airplane engines transported by plaintiff under express contracts with legal and lawful representatives of the United States. Detailed information, including the amounts due, is specifically set forth in appendix A, attached hereto and made a part hereof. All such shipments moved on United States government bills of lading issued to plaintiff with each shipment and at the request of various transportation officers in charge of such movements.

"4. These shipments were transported during World War II between various Navy and Marine airfields and installations. All the shipments listed in appendix A were described as 'internal combustion engines' and it was not until several years later, when plaintiff was having an audit made of its government freight bills, that it learned that these engines were actually airplane parts.

"5. Plaintiff thereupon submitted undercharge claims to the General Accounting Office which have been denied. Plaintiff contends that such engines should have been classified and rated as airplane parts instead of machinery, or machinery parts which take a much lower rate. The National Motor Freight Classification classifies machinery and machinery parts as sixth class, whereas airplane parts take a one hundred and twenty-five per cent (125%) of the first class rating in Southern Territory. The latter classification is proper for the shipments involved herein."

The applicable statutory provisions are as follows:

Title 28 U.S.C. § 2401(a): "Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases."

Title 49 U.S.C.A. § 66: "Payment for transportation of the United States mail and of persons or property for or on behalf of the United States by any common carrier subject to the Interstate Commerce Act, as amended, or the Civil Aeronautics Act of 1938, shall be made upon presentation of bills there-

for, prior to audit or settlement by the General Accounting Office, but the right is reserved to the United States Government to deduct the amount of any overpayment to any such carrier from any amount subsequently found to be due such carrier. Sept. 18, 1940, c. 722, Title III, § 322, 54 Stat. 955."

The defendant has moved to dismiss the action on two (2) grounds: (1) Because the complaint fails to state a claim against the defendant upon which relief can be granted; and (2) That it appears from the complaint that the action is barred by the six-year limitation of 28 U.S.C. § 2401(a).

The plaintiff contends that since airplane engines are airplane parts, it should be permitted to collect at the rates provided by the National Motor Freight Classification which provides for airplane parts at a rate of one hundred and twenty-five (125%) percent of first-class rating in southern territory. The plaintiff has cited several cases which hold that airplane engines, even though internal combustion, are parts of airplanes and carry the higher tariff rates. The leading case cited by the plaintiff is Strickland Transportation Co. v. United States (Civil Action No. 4242 (unreported)) in the U. S. District Court for the Northern District of Texas. However, on December 8, 1952, the Fifth Circuit Court of Appeals, 200 F.2d 234, reversed the District Judge in this case and laid down the general rule that where the shipment could come under either of two classifications, the shipper was entitled to the "Machinery or Machines" classification because the rate prescribed by it is the lower. The court states further:

"Of the view appellee puts forward and makes so much of, that because the record contains evidence from which it might well be found that the engines in question or some of them were intended for use in airplanes, this would require a finding that the applicable rating would be that prescribed for airplane and airplane parts, it is sufficient to say that we regard this view as entirely untenable. The question for decision here is not, as appellee seems to think that it is, what in fact was the use to which the internal combustion engines were expected to be or were put. The questions posed are: (1) Was the article which was shipped an internal combustion engine? (2) Was there a specific tariff rating applying to internal combustion engines? and (3) If it be assumed that some or all of the engines shipped were for use in airplanes, was the rating on internal combustion engines lower and, therefore, more favorable to the shipper than the rate provided under airplanes and airplane parts?"

This appears to be the only ruling by a Circuit Court of Appeals which is directly in point. In view of this ruling, I am of the opinion that the plaintiff was entitled to collect only at the tariff rate for the shipment described in the bill of lading, which listed the shipment as "internal combustion engines". In the Strickland case, supra, this also was the listing given in the bill of lading. It seems to be clear, therefore, that since airplane engines are internal combustion the plaintiff is entitled to collect only on the basis of the tariff rate which is listed in the bill of lading, and not the rate provided for airplane parts.

The second question presented is the applicability of the six-year statute of limitations. There is no doubt that the present cause of action is one for freight charges allegedly due for transportation services under the provisions of 49 U.S.C.A. § 66, and that this cause of action first accrued when the services were performed. It follows, therefore, that the present claim is barred by the six-year period of limitation as provided in 28 U.S.C. § 2401(a). The filing of plaintiff's claim with the General Accounting Office did not toll the running of the statute of limitations, since the filing of the claim with the General Accounting Office was not a condition precedent to filing a suit for proper freight charges. On the contrary, under the provisions of 49 U.S.C.A. § 66, plaintiff had a right to demand payment for transportation services rendered to the United States prior to audit or settlement by the General Accounting Office. It is well established that the pres-

376

entation of a claim for transportation services against the Government to the General Accounting Office does not toll the six-year period of limitation provided for by 28 U. S.C. § 2401(a).

In the case of Southern Pacific Co. v. United States, 67 Ct.Cl. 414, certiorari denied 280 U.S. 567, 50 S.Ct. 26, 74 L.Ed. 620, which involved transportation services, the court said:

"We again announce the rule to be that the cause of action in this class of cases accrues upon the rendition of the service, and that the right of action is not suspended during the investigation of the claim by the executive officers of the Government. The statute of limitations, intended as a wholesome protection of the Government, must not be permitted to depend upon any fluctuating or uncertain conditions that may arise from the delay occasioned by an investigation of disputed claims by executive officers. Plaintiff's theory, if sustained, would prove subversive of the purpose of the limitation fixed by the law. To require a claimant to file his action should not be considered a great hardship. If it is necessary or desirable that his claim be subjected to an investigation by the accounting officers of the Government, with the view of securing a settlement of it in the department, he may follow that course, but he must also file his action within the statutory period in order to prevent the tolling of the statute."

■ The Court of Claims also announced the same principle in Atlantic Coast Line Railroad Co. v. United States, 66 Ct.Cl. 576. Although claims for transportation services may be filed with the General Accounting Office for settlement, a suit must be brought within the six-year period in order to toll the statute of limitations. This rule is definite and certain. Its long establishment lends it strength. No citation has been given by the plaintiff to show that this rule has not been followed in every case of claims for transportation services. The above decisions have not been set aside, either expressly or by

implication. No case has been cited which questions the principles set forth in Atlantic Coastline Railroad Co. v. United States and Southern Pacific Company v. United States, supra, to the effect that claims for transportation services rendered to the United States first accrue when the services are performed, and that suit thereon under the Tucker Act must be brought within six years from the date of such service.

Many cases have been cited by plaintiff which tend to support the theory that the statute of limitations is tolled, but an examination of all these cases shows that they did not involve the points in controversy here and that they are inapplicable. In some of the cases, the statute was tolled by specific statutory provisions or by contract provisions, but there is no case involving the issues here which holds that the filing of the claim with the General Accounting Office tolls the statute of limitations.

■ If the plaintiff's position were correct, it would be possible for the statute of limitations to be tolled for an almost indefinite period. The plaintiff has taken the position that it has ten (10) years within which to file its claim with the General Accounting Office and six (6) years after the General Accounting Office has acted against it, to file its suit. This position completely nullifies the express terms of the statute of limitations and 49 U.S.C.A. § 66. This latter section clearly provides that payment for transportation services rendered to the United States "shall be made upon presentation of bills therefor, *prior to audit or settlement by the General Accounting Office*". (Emphasis added.) Thus the statute itself clearly states that payment on a transportation claim shall be made prior to submission to the General Accounting Office. The right of action against the Government accrues the instant the services are rendered, and the statute of limitations commences to run from that moment.

The plaintiff states in its complaint that it did not discover until several years after the services were performed that it had been transporting airplane engines, and that this discovery was made when it was having an audit made of its Government

freight bills. An audit could have been made immediately after the services were performed which would have shown that the plaintiff had transported airplane engines.

■ It therefore follows that under the rule laid down in the case of United States v. Strickland Transportation Co., Inc., supra, by the Fifth Circuit Court of Appeals, the plaintiff was entitled to collect at the rate fixed for internal combustion engines; that the statute of limitations commenced running when the services were performed by the plaintiff, beginning January 29, 1945, and ending June 28, 1945, and that since this action was filed more than six (6) years later, it is barred under Title 28 U.S.C. § 2401(a).

For the foregoing reasons, the motion to dismiss the complaint is hereby granted, and

It Is So Ordered.