Campbell, 0 hief Justice,
delivered the opinion of the court:
The claim here is for two items, one for $1,407.30 and the other for $2,070.40. The facts show that the transportation furnished by the plaintiff for which the claim of the first item is made was performed in January, 1917. The petition was filed June 6, 1923, more than six years after rendition of the service and the accrual of the plaintiff’s right of action. B. & O. Railroad Co. case, 52 C. Cls. 468.
As to the other item of $2,070.40, the defendant contends that this amount was included in the claim for which petition was filed in 1921. It is a fact that the same plaintiff filed its suit No. A-94 for which it had judgment in a large amount, and in its petition it claimed for two items in bill No. 4028. But these two items were different from those involved in this suit, being for transportation from a different point from that mentioned in this suit. No reason is assigned for leaving these two requests out of the former suit, but they were omitted and they furnish distinct causes of action. These items would be barred by the statute of limitations of six years but for the fact that the deduction here complained of was not made until 1919, when the accounting ofiicers in auditing the accounts of the disbursing officer made the deduction of $2,070.40 in addition to the earlier deduction. In such case the cause of action did not arise until the deduction was made in 1919.
*106 The rule that a party is not at liberty to split up his demand and prosecute it by piecemeal does not require distinct causes of action — that is to say, distinct matters — each of which would authorize by itself independent relief, to be presented in the same suit though they may have existed at the same time and might have been considered together. The Haytian Republic, 154 U. S. 118, 125. The exhibit to plaintiff’s petition in case A-94 shows that the two items of the bill which were claimed were for transportation from a named point in Texas, while the two items in the instant case are from a different point, namely, Mercedes. The evidence necessary to prove one of these causes of action would not establish the other. We think the plaintiff is entitled to recover for this item, having made settlement with the Railroad Administration on account of the deduction. See St. Louis, Brownsville da Mexico By. Co. case, 270 U. S. 320.
As to the other item the petition should be dismissed. And it is so ordered.
Moss, Judge; Geaham, Judge; Hat, Judge; and Booth, Judge, concur.