JoNes, Chief Judge,
delivered the opinion of the court:
Our decision in this case must be the same as in Thomas C. Gibney v. United States, No. 48572, and in Joseph M. Ahearn v. United States, No. 48610, both decided today. The case of this plaintiff, however, contains the subsidiary question whether inspectional work in foot traffic is within the extra compensation provisions of the Act of March 2,1931.
On July 6, 1947, plaintiff was assigned to perform duties solely in connection with foot traffic. Acting pursuant to Section 19 of the Regulations of the Immigration and Naturalization Service (as revised effective July 1,1947, Administrative Manual, revised June 27, 1947, Transmittal Memo. No. 171) the Immigration Service did not give this plaintiff extra pay for that Sunday’s work. The regulation reads in part as follows:
Section 19. Miscellaneous Duties Included or Excluded: * * * time devoted exclusively to the inspection of foot traffic shall not be considered as duties subject hereto.
Defendant seeks to justify this section of the Regulations by arguments and by excerpts from the legislative history of the *64 1931 Act which appear to result in the contention that Immigration inspectional services performed at free highway ports not served by common carriers are not compensable. This, in effect is rearguing the old question of reimbursement which was considered and rejected by this court and the Supreme Court. As pointed out by plaintiff, our answer to the narrow question whether inspectional work confined to foot traffic is within the extra compensation provisions of the 1931 Act, was indicated in our decisions in O'Rourke v. United States, 109 C. Cls. 33, and in Renner-Krupp v. United States, 106 C. Cls. 676. The defendant is correct in stating that our observations in those cases with respect to this question were in the nature of dicta. However, the question is now squarely before the court and we say, not as dictum, but as the rule of this case, that we see no distinction in principle between the various ways in which immigrants cross the border, whether on foot or in private automobile or in busses. As shown by finding 8, most of those who crossed on foot arrived and departed by bus or taxi. The fact that the immigrants crossed the border on foot did not make Taylor’s Sunday duty other than Sunday duty. Accordingly, the plaintiff is entitled to the extra pay provided for in the Act of March 2,1931, as amended, for duty on Sunday regardless of whether the immigrants inspected arrived on foot or by common carrier. This conclusion is warranted by the express language of the act and by its legislative history. We cannot agree with defendant that the inspectional laws were intended to discriminate between employees who perform identical services, varying only as to the type of traffic involved. We conclude that plaintiff is entitled to the additional pay for Sunday, July 6,1947.
The plaintiff is entitled to recover. Entry of judgment is suspended pending receipt of a report from the General Accounting Office showing the amount due plaintiff in accordance, with this opinion.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.
In accordance with the above opinion, and upon a stipulation filed by the parties stating that the audit of accounts *65 made by the Immigration and Naturalization Service shows that the extra compensation due plaintiff under the Act of March 2, 1931, for the period from July 1,1947, to June 30, 1948, inclusive, after allowing credit for amounts previously paid for the same services under the 1945 and 1946 Federal Employees Pay Acts, to be $425.29, it was ordered July 11, 1949, that judgment be entered for the plaintiff in the sum of $425.29.