### CARPENTER v. UNITED STATES.
### No. 50269.

United States Court of Claims.
Decided Nov. 4, 1952.

Robert M. Drysdale, Detroit, Mich., for the plaintiff.

Wilson Myers, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

The plaintiff in his petition alleges that during the Government fiscal year 1948 he worked overtime and on Sundays and holidays as a United States Immigrant Inspector in connection with the examination of persons arriving at Honolulu, Hawaii, for which he was not paid extra pay at the rates specified in the Immigration Service Overtime Pay Act of March 2, 1931, 46 Stat. 1467, 8 U.S.C.A. §§ 109a, 109b, but was paid at a lesser rate. He alleges that he was underpaid in the amount of $1,425.-72, more or less.

According to our decisions in Gibney v. United States, 114 Ct.Cl. 38, Ahearn v. United States, 114 Ct.Cl. 65, and Taylor v. United States, 114 Ct.Cl. 59, the plaintiff's petition states a cause of action. The Government asserts, however, that the plaintiff is

barred from recovery by a prior adjudication of this court, in a case in which the plaintiff was a party.

In Paul A. Aldrich v. United States, 118 Ct.Cl. 628, the present plaintiff and some one hundred and seventy-five other customs inspectors sued for overtime, Sunday and holiday pay alleged to have been earned by them in the fiscal year 1948. Because of our decisions in the Gibney and other cases cited above, the Government had no defense to the claims, and there was only the problem of ascertaining how much premium pay work each plaintiff had done, and computing from that the amount for which he should have judgment. Accordingly, the claims were submitted to the Bureau of Immigration and Naturalization which made an audit of each plaintiff's services and computed the amount due. Government counsel then submitted this audit to counsel for the plaintiffs in that case. The plaintiffs' counsel sent a notice to each of the plaintiffs stating the amount found due them by the Bureau. The audit and counsel's notice to the present plaintiff, Carpenter, gave that amount as $227.57. Receiving no objection from Carpenter, the plaintiffs' counsel prepared a stipulation based upon the audit, with whatever corrections other plaintiffs may have made in it, the stipulation was agreed to by Government Counsel, and this Court entered judgment on the basis of the stipulation. See 118 Ct.Cl. 628. The Government paid the plaintiff the $227.57 on June 28, 1951.

The plaintiff's instant suit is, as we have said, for $1,425.72. The premium pay time shown by the audit referred to above was for work done in the continental United States. The present suit is for similar work done in Hawaii. The Government says, in effect, that the petition in the former suit included the present claim and that when the plaintiff, by stipulation, caused a judgment to be entered in that suit, the judgment merged out the claim and it cannot be revived and enforced in a separate suit.

The plaintiff points out that the petition in the former case, in paragraph 1, says "This suit is for the collection of extra pay * * * in connection with the examination of persons arriving in the United States from foreign countries." There is similar language in paragraph 2. Hence, the plaintiff says, the petition in the former case did not cover the present claim, and the judgment did not bar it. We have serious doubt as to whether the quoted language in the petition in the former case was intended to exclude claims based on services outside the continental United States. The Bureau in making its audit did not so construe the petition, if it gave any thought to the matter, since it did include work done in Honolulu by Earl E. Martin, and his judgment covered that work. If the former petition did not cover work in Honolulu, then the question becomes a question of splitting an existing cause of action, all of which could have been pleaded and adjudicated in one suit, into two separate suits. As to that, this court does not seem to have applied a strict rule. In St. Louis, Brownsville & Mexico Ry. Co. v. United States, 63 Ct.Cl. 103, the plaintiff was allowed to recover in a second suit upon a claim which it could have, but did not, include in a former suit in which the plaintiff had recovered a judgment.

■ In the instant case, if the Bureau thought, as its handling of Martin's claim seems to show, that work in Honolulu should be included in the audit, it was negligent or mistaken in not including the plaintiff's work there. The plaintiff was negligent in not noticing, by the small amount to which he was told he was entitled, that there must have been a mistake in the Bureau's audit. In the circumstances, we do not think that the situation calls for the forfeiture of the plaintiff's claim and we hold that he may maintain his present suit.

■ We are mindful, of course, of 28 U.S.C. § 2517 (a) and (b), 62 Stat. 979, which says that payment of a judgment of this court shall be a full discharge to the United States of all claims and demands arising out of the matters involved in the claim or controversy. We think this statute merely restates generally accepted principles as to the effect of judgments, and does not

require us to apply stricter rules than those usually applicable.

The motions of both parties for summary judgments are denied. The case will proceed in due course.

JONES, Chief Judge, and HOWELL, WHITAKER and LITTLETON, JJ., concur.