Atkinson, J.,
delivered the opinion of the court:
The material allegations contained in claimant’s petition are that on June 22, 1900, the claimant company entered into a contract with the United States by their agent, the Paymaster General of the Navy, wherein claimant agreed to deliver at the Norfolk (Ya.) Navy Yard, within a specified period, certain supplies of iron and steel, and that said material was delivered on May 29, 1901, inspected and accepted on May 23,1903, and a bill- for the same, in the sum of $700.66, was on May 7, 1901, presented to the general storekeeper at the navy yard, Norfolk, Ya., to be forwarded by him to the Paymaster General, United States Navy, which bill, together with the proper evidence of delivery, inspection, and acceptance of said material, was on May 29, 1903, forwarded by said general storekeeper to the Paymaster General, Navy Department, Washington, D. C., where it was thereafter received on June 6,1903, and was passed by the Secretary of the Treasury on May 3, 1904.
The petition further alleges that at the time the contract was entered into, June 22, 1900, the customary time required for the Navy Department to check up such bills and pass upon the evidence of delivery, inspection, and acceptance of the material, and secure the passage by the Secretary of the Treasury of a warrant for the necessary money to make payment, was about thirty days. The appropriation from which this material was to be paid for, viz, “ Construction and repair, 1900,” having been carried to the surplus fund, it was necessary for the amount found due upon the aforesaid bill to be reported to Congress for deficiency appropriation at the following session, and the claimant was so advised under date of July 1,1903, the money having thereafter been duly appropriated, and the Auditor for the Navy Depart *264 ment having- deducted as a penalty $316.70 now claimed, the balance of $383.96 was paid to the claimant by warrant-passed by the Secretary of the Treasury under date of May 3, 1904.
The contract provided for deductions for delay in delivery at the rate of one-fifth of 1 per cent for every day’s delay when the amount of the contract is below $10,000 and one-tenth of 1 per cent for every day’s delay when the amount of the contract is $10,000 or more. The amount of this contract was $9,877.29. It appears that claimant did not deliver all' of the material contracted for until a considerable period after the contract time had expired, and deductions were made, under the provisions of the contract, by the Auditor for the Navy Department, amounting to $316.70, and to recover this sum suit was instituted.
The material part of the contract is as follows:
“That upon the presentation of the customary bills, and the proper evidence of the deliveiy, inspection, and acceptance of the said article, articles, or services, and within ten days after the warrant shall have been passed by the Secretary of the Treasury, there shall be paid to the said Smith-Courtney Company, or to its order, by the Navy paymaster for the port of Norfolk, Virginia, the sum of nine thousand eight hundred seventy-seven and 29/100 ($9,877.29) dollars for all the articles delivered or services performed under this contract: Provided, however, That no payments shall be made on any one of said classes until all the articles or services embraced in such class shall have been delivered or performed and accepted, except at the option of the party of the second part.”
The defendants appeared and demurred to the petition, alleging that the facts therein show that the claim accrued more than six years prior to the bringing of the suit, and no disability recognized by law being alleged to prevent claimant from filing its petition within the statutory period, the same should be dismissed. The only question, therefore, which the court is called upon to decide is whether the statute of limitations bars this action.
The contract is dated June 22, 1900. The iron and steel were to be delivered as required by the Navy Department, and if not so delivered the penalties provided by the contract were to be added.
*265 May 7, 1901, claimant presented its bill to the general storekeeper of the Government at the Norfolk Navy Yard.
May 29, 1901, the iron and steel contracted for were delivered at said navy yard as provided by the contract.
May 23, 1903, the iron and steel required to be delivered by the contract were inspected and accepted by the Government officials in charge, notwithstanding the fact that said materials had been delivered and had been in their possession since May 29,1901, a period of within a few days of two years.
June 6, 1903, the bills and evidences of the delivery of the iron and steel contracted for were accepted and received by the Paymaster General.
May 23, 1904, the bill was passed upon by the Secretary of the Treasury.
July 1, 1909, this suit was brought.
Claimant contends that the parties to the contract agreed that the money was not to become due and payable until after the bills and the proper evidence of delivery, inspection, and acceptance had been presented to the Paymaster General, and he had a reasonable time thereafter in which to check them up and make requisition on the Secretary of the Treasury for the money, and the Secretary had had a reasonable time to honor the requisition and pass the warrant for payment, allowing 10 days (as specified by the contract) after said warrant had been passed; consequently claimant’s right of action did not accrue upon the delivery of the material provided by the contract until after these events had transpired.
The defendants deny that “the words in the contract ‘within 10 days after the warrant shall have been passed,’ coupled with what claimant may deem a reasonable time thereafter, are controlling in the case as determining when the money became due and payable, and hence when a right of action accrued ”; and they insist, if such contention were correct, it would appear that there could be no fixed time from which the statute of limitations would begin to run in cases of this character against the United States.
It has been determined by the Supreme Court and this court, and is in fact elementary, that a right of action accrues and the statute of limitations begins to run when, *266 and only when, the period of credit has expired; or, in other words, when an account is due and payable, or when there is a breach of the contract.
As we have already stated, the material provided by the contract was delivered at the Norfolk Navy Yard May 29, 1901, and the same was inspected and approved by the agents of the defendants May 23,1903, and part payment was made thereon at the time of inspection and approval. Defendants contend that the statute of limitations began to run at the time the iron and steel were approved and accepted by the Government, and the fact that the claim may have been received and disallowed by the accounting officers of the Treasury Department within six years of the filing of the petition does not in any respect affect the running of the statute.
We do not agree with this contention. While it is true ’ the material required by the contract was delivered by claimant on May 21, 1901, and was not accepted and approved by the Navy Department until May 23, 1903, it is also true that payment therefor was not passed by the Treasury Department until May 23, 1904. The contract provides that payment shall not be made to claimant until “within 10 days after the warrant shall have been passed by the Secretary of the Treasury.” Consequently, claimant insists upon allowance of said 10 days, and in addition thereto “ a reasonable time” for the Secretary of the Treasury to pass upon the validity of the claim, which reasonable time is alleged in the petition to be §0 days. Hence, as before stated, the statute of limitations could not begin' to run until these conditions had been fulfilled. The Secretary of the Treasury held the claim the unreasonable time of a full year without passing thereon, but claimant asked for an allowance of 30 days only as a reasonable period for him to pass upon the merits of the claim; consequently, if allowance is made for the 10 days provided by the contract, plus the 30 days reasonable time mentioned in the petition, which was admitted by the party demurring as a fact, the suit was brought within the six years statutory period.
To illustrate: If A enters into a contract with B to build a house for him for the sum of $5,000, which sum is to be paid to A within 10 days after the architect of the building certi *267 fies to B that all of the provisions of the contract have been complied with by A, payment can not be demanded of B until the 10 days provided by the contract have expired, and a reasonable time has been allowed for the architect to inspect the building, and report to B that all of the provisions of the contract were carried out in good faith by A.
The above is a parallel case to the one at bar. No one presumes to contend that an auditing officer of the Government can hold an account beyond a reasonable time without passing thereon. But whether the defendant would be estopped in such a case as this from setting up his own unreasonable delay, as a reason why he should be relieved from paying his debt (acknowledged to be due) is a question not necessarily involved in the present case and which need not now be considered. It has been decided by both the Supreme Court and this court that, unless contracts provide otherwise, it is not a prerequisite to the jurisdiction of this court, that a claim must first be presented to the accounting officers of the Government before suit can be brought thereon, and that a cause of action first accrues within the meaning of the statute of limitation, as provided in section 1069 of the Eevised Statutes, when a claimant is entitled to his money, without reference to demand of payment, except in some special cases.
Following the contract in this case, and allowing reasonable time for the Government officials to act upon the account presented by the claimant, we decide that its suit was brought within the limitations of the provisions of section 1069 of the Eevised Statutes. The demurrer is, therefore, overruled.