Williams, Judge,
delivered the opinion of the court:
This suit was brought by plaintiff June 27, 1936, to recover $55,039.82 for certain alleged extra costs and expenses arising from certain alleged extra work which, it is alleged, the defendant required plaintiff to perform for which no payment was made by the defendant under the contract and, also, for penalties for delay alleged to have been erroneously imposed and collected by the defendant.
The case is now before the court upon defendant’s plea to the jurisdiction under which the defendant contends that the claim accrued May 25, 1929, when construction of the buildings called for by the contract was completed and accepted by the defendant, and that suit was therefore barred by the statute of limitation of six years when the original petition was filed June 27,1936.
It appears from the record that on February 3, 1928, the plaintiff, a New York Corporation, and the United States, through the Bureau of Yards and Docks of the Navy Department, entered into a contract, exhibit A to the petition, which provided for the construction and completion of certain buildings to be used as quarters for junior officers and *561 pharmacists, and. a building for quarters for nurses; a garage and storehouse, a laboratory, and an animal house, all at the Naval Operating Base at Pearl Harbor, Territory of Hawaii, in accordance with the provisions of the specifications. The time fixed in the contract for the completion of the work was 210 days after February 29,1928. The date of actual completion and acceptance was 240 days subsequent to that date. Art. 16 (d) of the contract provided as follows:
Upon completion and acceptance of all work required hereunder, the amount due the contractor under this contract will be paid upon the presentation of a properly executed and duly certified voucher therefor, after the contractor shall have furnished the Government with a release, if required, of all claims against the Government arising under and by virtue of this contract, other than such claims, if any, as may be specifically excepted by the contractor from the operation of the release in stated amounts to be set forth therein.
Plaintiff completed the construction of the buildings called for and they were finally accepted May 25, 1929. Decision on questions arising under the contract was not made and the amount due plaintiff under the contract was not determined or paid, nor was a final voucher prepared and submitted to plaintiff for execution, as provided in Art. 16 (d), supra, earlier than July 9,1980. The question of the amount due plaintiff upon completion of the work called for by the contract and the matter of penalties for delay beyond the period specified in the contract for the completion of the buildings were, upon completion and acceptance of the work, taken under consideration by the Bureau of Yards and Docks and on July 9,1930, the Chief of that Bureau, in accordance with Art. 16 (d), made a determination and decision denying payment of any amount for alleged extra costs and expenses for alleged extra work not covered by the contract and held plaintiff liable for delay of 189 days in the completion of the work, and assessed and collected $18,900 as liquidated damages for such delay and the further sum of $50 as a penalty for certain determined violations of the eight-hour law; thereupon the Bureau of Yards and Docks prepared a final voucher for $519.59 in accordance with Art. 16 (d) as *562 the unpaid remainder of the contract price ($19,469.59 less $18,950). This final voucher was transmitted to plaintiff in August 1930. On March 24, 1932, plaintiff executed and returned the final voucher to the Bureau of Yards and Docks, together with the release of all claims except as to the penalties totaling .$18,900, and other extra costs and expenses under the contract. In this release the plaintiff expressly reserved the right to contest these matters. Payment of the amount of $519.59 shown to be due by this voucher, subject to the reservations, was approved and authorized by the Chief of the Bureau of Yards and Docks about June 12,1936.
Under the facts as above stated and Art. 16 (d) of the contract under which this suit is brought, we are of opinion that the defendant’s plea to the jurisdiction is without merit and should be denied. The position of counsel for defendant is that all claims of plaintiff under the contract for the purpose of bringing suit accrued when the construction work on the buildings called for by the contract was completed and such buildings were accepted by the defendant. This rule has been applied in certain cases which are not necessary to be here cited, but it is not a rule of universal application where it appears from the contract provisions and the existing facts that the amount to which the contractor may be entitled under the contract shall become due and payable at a certain time depending upon certain determinations, decisions, or action after the actual completion of the work. Where the contract or an arrangement between the parties contemplates, as here, that the amount due plaintiff under the contract for the work performed shall not become due and payable prior to certain events, it cannot be said that for the purpose of bringing suit the claim of plaintiff under the contract accrues until the date of the contemplated event, action, or decision. This rule is well established. In United States v. Wurts, 303 U. S. 414, 416, the court held that a statute of limitation does not begin to run until the right of action “has accrued in a shape to be effectually enforced.” See also Borer v. Chapman, 119 U. S. 587. In Silverman v. United States, 69 C. Cls. 588, this court said: “It seems quite clear to us that the plaintiffs’ cause of action on the refund allowed to it by the Secretary of War accrued on May 24, *563 1922. That is the date upon which plaintiffs accepted the terms of adjustment agreed upon by the Local Board of Sales Control at Boston on May 19, 1922, and signed and returned to the said board with their acceptance the voucher for $10,001.00, the amount of such refund.” In the case at bar, the contract provided when the amount to which plaintiff was entitled under the contract should become due. The word “due” in Art. 16 (d) of the contract in suit is used in the sense of being payable. No item of a claim under the contract with respect to which no payment had been made became payable, in view of Art. 16 (d), until the time contemplated by that section. And this is true, notwithstanding some part of the claim reserved for suit relates to unliqui-dated matters. Plaintiff was not required to institute suit prior to the date when the claim became payable, and the statute of limitation did not begin to run until the time when payment became due under the contract. Under the facts in the case at bar and Art. 16 (d) of the contract, this was July 9,1930.
In Penn Bridge Co. v. United States, 71 C. Cls. 273, the contract provided that the amount due the contractor under the contract should be determined by the Bureau of Yards and Docks whose decision should be final and conclusive, and that determination of such amount should be deferred until completion of the contract, and this court said at pp. 278, 279:
The defendant contends that plaintiff’s claim is barred by the statute of limitations, and this plea is based on the further contention that plaintiff’s cause of action accrued when the machinery was delivered. We do not agree but think that the cause of action did not accrue, under the terms of the contract, until the claim had been determined and approved by the Bureau of Yards and Docks. Therefore the claim was not barred.
See also, to the same effect, Smith Courtney Co. v. United States, 46 C. Cls. 262; Utah Power & Light Co. v. United States, 67 C. Cls. 602, 606; Manufacturers Aircraft Association, Inc., v. United States, 77 C. Cls. 481, 522, 523; Electric Boat Co. v. United States, 81 C. 361, 367.
If it be said that certain items of plaintiff’s claim set forth in its petition relating to extra costs and expenses *564 alleged to have resulted from extra work not contemplated by the contract are in the nature of unliquidated damages which a contractor is not, for the purpose of suit, compelled, first, to submit to the contracting officer, it is sufficient here to say that, as a general rule, a cause of action or a claim under a contract does not accrue piecemeal and that where the contract contains a provision, such as Art. 16 (d), with reference to the time when the contract shall be regarded as finally concluded the statute of limitation with reference to bringing suit does not begin to run until that date. We think that article contemplated that whatever claim plaintiff had in connection with the contract should become due in the sense of payable at the time mentioned, which, in the case at bar, was July 9, 1930. The plea to the jurisdiction is accordingly overruled. It is so ordered.
Whaley, Judge; LittletoN, Judge; GREEN, Judge; and Booth, Chief Justice, concur.