Whaley, Chief Justice,
delivered the opinion of the Court:
This action is brought pursuant to the Act of Congress approved June 25, 1938, giving Government contractors the right to sue the United States under indicated circumstances for recovery of increased costs incurred as a result of the enactment of the National Industrial Recovery Act. Submission is on a stipulation of facts and briefs. The facts are not in dispute.
The plaintiff’s contract called for planting of trees and shrubs at the Naval Air Station at Sunnyvale, California, and other work there of a landscaping nature.
The contract provided:
'Warranty Bond. The contractor shall warrant all trees and shrubs for a period of 18 months from date of acceptance of the contract work; and he shall, upon notice, promptly replace at his expense all trees and shrubs which die during this period. This warranty shall be covered by a bond (preferably that of a first class surety company) in the sum of 35 percent of the contract price. This bond shall be furnished before final payment of the contract is made.
*177 The only question raised that merits serious consideration is jurisdictional. Under the statute, in order that jurisdiction might here attach, the claim must have been presented to the administrative office concerned “within six months from the date of approval of this Act or, at the option of the claimant, within six months after the completion of the contract, except in the discretion of the Comptroller General for good cause shown by the claimant.” Sec. 4, Act of June 16,1934,48 Stat. 974, 975.
It is stipulated and so found, that the work under the contract was completed and accepted June 5, 1934, and that plaintiff in the following July and August performed replanting work required by the contract, finishing replacements August 6, 1934. It is obvious that “acceptance of the contract work”, mentioned in the paragraph under the heading “Warranty Bond,” refers to the initial planting, and not to replacements of plants dying during the 18-month period, and the stipulated and adopted finding follows the wording of the contract.
The 18-month period expired the forepart of December,. 1935.
The plaintiff filed its claim with the administrative office March 11,1935, which is more than six months after replanting had been completed August 6, 1934, hence more than six months after June 5,1934, the acceptance date, but less than six months “after completion of the contract” if, within the meaning of the controlling acts of Congress, the completion of the contract was not consummated until the forepart of December, 1935, the end of the 18-month period.
There is no escaping the fact that replanting was a part of the contract work. The contract provided that it should be done. Without the contract it would not have been done.
Since the cost of possible replacements was a part of the contractor’s costs of performance of the agreed work, the plaintiff could not ascertain its costs until the 18-month period had expired.
This is not a suit for recovery of a contract price, due at a time certain and remaining unpaid. It is a statutory suit for recovery of costs and the period of limitation did not start to run until the event happened that determined those *178 costs. They were ascertainable only at the conclusion of the 18-month period and the claim was therefore presented in time. The cause of action here is statutory and did not accrue piecemeal. In this connection see Austin Engineering Co. v. United States, 88 C. Cls. 559, 564.
Plaintiff’s increased costs resulting from the enactment of the National Industrial Kecovery Act in the, performance of its contract total $1,451.87, and in the replacement work total $108.00.
Plaintiff is entitled to recover $1,559.87. It is so ordered.
Whitaker, Judge; and Littleton, Judge, concur.