**J. E. PYLE**

v.

**UNITED STATES.**

No. 328-57.

United States Court of Claims.

July 16, 1958.

William L. Blair, Little Rock, Ark., for plaintiff.

Clare E. Walker, New York City, with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

LARAMORE, Judge.

Plaintiff sues for $16,344 as payment for additional excavation and backfill performed at the direction of the contracting officer under a contract to construct a base ammunition shop building at the Little Rock Air Force Base.

Defendant has filed a motion for summary judgment dismissing plaintiff's petition on the ground that it fails to state a claim upon which relief can be granted and upon the further ground that plaintiff has failed to exhaust his administrative remedies.

There is no allegation in the petition alleging whether or not the adverse decision of the contracting officer or the adverse decision of the Claims and Appeals Board or any other action of defendant or its agents was arbitrary, capricious or otherwise made or done in bad faith. This is a fatal defect, and were this dispositive of the case we would probably permit plaintiff to amend his petition. However, plaintiff is confronted with another point; i. e., that he has failed to exhaust the administrative remedies provided for in the contract.

After plaintiff, as alleged in paragraphs 4 and 5 of the petition, "requested that a modification of the contract be made to cover the expense of the additional excavation," such modification was denied by the contracting officer, and plaintiff was supplied with findings of fact. Plaintiff, when he asked for a modification, invoked the changes article in the contract which provided:

"The Contracting Officer may at any time, by a written order, and without notice to the sureties, make changes in the drawings and/or specifications of this contract and within the general scope thereof. If such changes cause an increase or de-

crease in the amount due under this contract, or in the time required for its performance, an equitable adjustment shall be made and the contract shall be modified in writing accordingly. Any claim of the Contractor for adjustment under this clause must be asserted in writing within 30 days from the date of receipt by the Contractor of the notification of change: *Provided, however*, That the Contracting Officer, if he determines that the facts justify such action, may receive and consider, and adjust any such claim asserted at any time prior to the date of final settlement of the contract. If the parties fail to agree upon the adjustment to be made the dispute shall be determined as provided in Clause 6 hereof. But nothing provided in this clause shall excuse the Contractor from proceeding with the prosecution of the work as changed. Except as otherwise herein provided, no charge for any extra work or material will be allowed."

The changes article above then invokes article 6 upon failure of the parties to agree upon the adjustment. Article 6 provides that a dispute concerning a question of fact arising under the contract which is not disposed of by agreement, shall be decided by the contracting officer, who shall reduce his decision to writing and furnish a copy thereof to the contractor. It further provides that his decision shall be final unless appeal is made within 30 days to the Chief of Engineers, whose decision shall be final unless appealed from in writing to the Secretary.

Plaintiff in pursuance of article 6 appealed to the claims and appeals board which found as a fact that the appeal was untimely; *i. e.*, more than 30 days from receipt of the decision. Accordingly, plaintiff was notified that the decision denying modification became final.

Plaintiff responds by asserting that the letter of appeal was mailed on the night of June 24 and that he was not at fault if the letter was not delivered timely.

Normally this would be a question of fact to be gleaned from a trial. However, assuming the pleadings contain an allegation of arbitrary action of defendant in deciding that the contractor's letter of appeal was not timely mailed, plaintiff's remedy under article 6 of the contract was to appeal to the Secretary within 30 days. Plaintiff has failed to take this final step and accordingly has failed to exhaust his administrative remedy in this respect and cannot maintain this action. *United States v. Callahan Walker Construction Co.*, 317 U.S. 56, 63 S.Ct. 113, 87 L.Ed. 49; *United States v. Blair*, 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039; *United States v. Joseph A. Holpuch Co.*, 328 U.S. 234, 66 S.Ct. 1000, 90 L.Ed. 1192.

Defendant's motion for summary judgment is granted, and the petition is dismissed.

It is so ordered.