## HENRY E. WILE COMPANY
### v.
### UNITED STATES.
### No. 541-57.

United States Court of Claims.
Jan. 14, 1959.

Claude B. Cross, Boston, Mass., for plaintiff.

George L. Ware, Washington, D. C., with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

LARAMORE, Judge.

This is an action brought by plaintiff seeking increased costs due to alleged changed conditions, on the theory that the decision of the Corps of Engineers Claims and Appeals Board affirming a decision of the contracting officer, adverse to plaintiff, is not supported by substantial evidence.

The facts as alleged in the petition are these: On May 18, 1953, plaintiff entered into a contract (No. DA–19–016–Eng.–2708 with the Corps of Engineers to construct a building at Mount Washington, New Hampshire.

During the course of its work plaintiff encountered subsurface conditions different from those shown on the drawings or indicated in the specifications.

Plaintiff, on September 29, 1953, under clause 4 of the contract, which is entitled "Changed Conditions" made claim to the contracting officer for increased costs due to changed conditions.

This claim was denied by the contracting officer on March 22, 1954, on the ground that plaintiff had not given proper notice and the alleged condition did not constitute a changed condition.

On April 20, 1954, plaintiff appealed to the Corps of Engineers Board of Contract Appeals, which board on May 24, 1957, decided that plaintiff had given proper notice of its claim, but found there were no changed conditions. Plaintiff's appeal was accordingly denied.

It is this May 24, 1957, decision that plaintiff alleges is not final and binding because it is not supported by substantial evidence. Plaintiff further alleges that said subsurface conditions encountered did constitute changed conditions such as to entitle plaintiff to an equitable adjustment of the contract price.

Defendant has filed motion for summary judgment, urging that the "Disputes" clause in the contract gives finality to the decision of the Corps of Engineers Board of Contract Appeals. Clause 4 of the contract, entitled "Changed Conditions," reads as follows:

"Should the contractor encounter, or the Government discover, during the progress of the work subsurface and/or latent physical conditions at the site materially differing from those shown on the drawings or indicated in the specifications, or unknown physical conditions of an unusual nature differing materially from those ordinarily encountered and generally recognized as inhering in work of the character provided for in the drawings and specifications, the contracting officer shall be notified promptly in writing of such conditions before they are disturbed. The contracting officer shall thereupon promptly investigate the conditions, and if he finds that they do so materially differ the contract shall be modified to provide for any increase or decrease of cost and/or difference in time resulting from such conditions. If the parties fail to agree upon the adjustment to be made, the dispute shall be determined as provided in Clause 6 hereof."

Clause 6, entitled "Disputes," provides as follows:

"Except as otherwise provided in this contract, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the contracting officer, who shall reduce his decision to writing and send by registered mail, return receipt requested, a copy thereof to the contractor at his address shown herein. Within 30 days from the receipt thereof, the contractor may appeal in writing to the Chief of Engineers, whose written decision thereon, or that of his designated representative or representatives, shall be final and conclusive upon the parties hereto unless, within 30 days after the receipt thereof by the Contractor, he appeals in writing to the Secretary, which appeal shall operate to vacate said decision of the Chief of Engineers. If the dispute is determined by the Secretary, his written decision, or that of his designated representative or representatives, shall, unless determined by a court of competent jurisdiction to have been fraudulent, arbitrary, capricious or so grossly erroneous as necessarily to imply bad faith, be final and conclusive upon the parties hereto. The Chief of Engineers or the Secretary

may designate an individual, or individuals, other than the contracting officer, or a board as his authorized representative to determine appeals under this clause. In connection with any appeal proceeding under this clause, the contractor shall be afforded an opportunity to be heard and offer evidence in support of his appeal. Pending final decision of a dispute hereunder, the contractor shall proceed diligently with the performance of the contract and in accordance with the contracting officer's decision."

It would appear that the decision of the Corps of Engineers Contract Appeals Board is final under clause 6 of the contract for failure to appeal to the Secretary as therein provided. Plaintiff did not appeal the adverse decision to the Secretary, and has therefore failed to exhaust its administrative remedies and cannot come to this court for relief. United States v. Joseph A. Holpuch Co., 328 U.S. 234, 66 S.Ct. 1000, 90 L.Ed. 1192; United States v. Blair, 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039; United States v. Callahan Walker Construction Co., 317 U.S. 56, 63 S.Ct. 113, 87 L.Ed. 49; Pyle v. United States, Ct.Cl., 163 F.Supp. 853.

Plaintiff attempts to avoid the impact of the above decisions by urging that it has exhausted its administrative remedies. It predicates this on the theory that the invitation to bid provided in the event of acceptance of its bid, it would be required to execute Army contract DA AGO Form R–5701. It then urges that contract DA AGO Form R–5701 as set forth in the Code of Federal Regulations provided for but one appeal. However, the Code of Federal Regulations permits the amendment of the "Disputes" clause to provide for an intermediate appeal. 32 CFR 596.103–12 Rev. 1951. On June 11, 1946, as shown by defendant's exhibit B, a request was made by the Office of the Chief of Engineers for authority to amend the "Disputes" clause to provide for an appeal to the Chief of Engineers prior to seeking a decision at the Secretary level. On July 30, 1946, such authority was granted, as shown by defendant's exhibit A. In an affidavit filed by Malcolm P. McGregor, Assistant Legal Division, Office of the Chief of Engineers, it is disclosed that an intermediate appeal provision has been inserted in all Corps of Engineers construction contracts since the above mentioned date of authorization.

Furthermore, paragraph 2 of the invitation for bids stated the contract form to be used " * * * [was] available at the office of the New England Division, Corps of Engineers * * *."

Permission was sought and granted giving the Corps of Engineers the right to change the "Disputes" clause from that as found in the Code of Federal Regulations. Plaintiff was forwarned of such a possibility, but did not take advantage of the opportunity to determine, by inspection, the form of the "Disputes" clause then being used by the Corps of Engineers. Under these circumstances it seems clear that plaintiff is bound by the terms of the contract and its contention that it only be bound by the terms of a clause not appearing in the contract is without foundation.

Even were we of the opinion that the clause providing for but one appeal, to the Secretary, was incorporated in the contract, plaintiff has in any event failed to pursue that course. Plaintiff's appeal was directed to the Corps of Engineers Board of Contract Appeals. This in no wise could be said to be an appeal on the Secretary's level.

Clause 27 of the contract provides in pertinent part:

"(a) The term 'Secretary' means the Secretary, the Under Secretary, or any Assistant Secretary of the Department and the head or any assistant head of the executive agency; and the term 'his duly authorized representative' means any person or persons or board (other than the Contracting Officer) authorized to act for the Secretary."

The Chief of the Corps of Engineers or the Board acting for him does not fall

within the definition of "Secretary." Such a strained definition would be repugnant to section 9(a) of the Armed Forces Procurement Act of 1947, 62 Stat. 21, 24,[1] which provides:

"The term 'agency head' shall mean the Secretary, Under Secretary (if any), or any Assistant Secretary of the Army, of the Navy, or of the Air Force; the Commandant, United States Coast Guard, Treasury Department; and the Executive Secretary, National Advisory Committee for Aeronautics, respectively."

Plaintiff's next contention is that the Wunderlich statute, 41 U.S.C.A. § 321, prevents defendant's plea of finality underlying its motion for summary judgment. Since plaintiff has failed to exhaust its administrative remedies, it cannot be heard to complain of this. Had it exhausted its administrative remedies, this court could then entertain a suit based upon allegations that findings of an agency were unsupported by substantial evidence. However, here we cannot reach this question because plaintiff must have appealed to the Secretary before coming to this court. See cases cited supra.

Plaintiff's next and last contention is that the Claims and Appeals Board decision was based upon a question of law, which was without the jurisdiction of the Appeals Board. We cannot agree with this contention for this reason: Plaintiff's appeal *per se* was based upon a changed condition within the purview of article 4 of the contract; i. e., that the subsurface condition encountered was different from that shown in the drawings and specifications. This is purely a factual question and one which, in the case of dispute, was to be determined under article 6 of the contract. Furthermore, plaintiff's petition is grounded upon the proposition that it encountered changed conditions within clause 4 of the contract. Again this is purely a question of fact to be determined pursuant to the contract provisions.

Plaintiff having failed to exhaust its administrative remedies, defendant's motion for summary judgment is granted and the petition is dismissed.

It is so ordered.

REED, Justice (Retired), sitting by designation, JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.