**ACORN DECORATING CORPORATION**

v.

**UNITED STATES.**

No. 255-58.

United States Court of Claims.
July 13, 1959.

**950**

M. Carl Levine, New York City, for plaintiff.

Philip W. Lowry, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

LARAMORE, Judge.

This is a suit by a contractor for the alleged increased costs incurred by it in the performance of a Government contract. The defendant has moved for judgment on the pleadings on the ground that plaintiff's claim, if any, is barred by the 6-year statute of limitations applicable to suits filed in this court, 28 U.S.C. § 2501. As an alternative to its motion for a judgment on the pleadings defendant has moved for summary judgment contending that there has been an accord and satisfaction, that a decision on the issue of increased costs by an administrative body is final, and further, that plaintiff has failed to exhaust the administrative remedies made available to it. The facts as shown by the pleadings and exhibits are as follows:

On June 30, 1951, plaintiff and defendant entered into a contract under which plaintiff was to furnish materials and perform the work for the exterior painting of 383 buildings at Fort Dix, New Jersey. The terms of the contract and specifications attached thereto provided that the defendant was to supply the paint and the work was to be commenced by plaintiff on or before August 6, 1951, with a completion date of 100 days thereafter. The paint, or at least a portion thereof, supplied by defendant, failed to meet the contract specifications and notice of this fact, together with a request for a change order to cover the extra costs incurred, was given to the Office of the Engineer, Purchasing and Contracting Branch, Fort Dix, New Jersey, on September 14, 1951. The requested change order covered a claim of $7,207.-39 in extra costs and was approved on February 19, 1952. Thereafter, on April 10, 1952, plaintiff made an additional request for a change order in the amount of $42,267.29, together with its final invoice for the balance due under the contract. The claim was denied by the contracting officer by letter of April 29, 1952, which stated that "any further action on your part will be in accordance with the terms outlined in your contract." Some mixup seems to have existed thereafter regarding plaintiff's appeal from the decision of the contracting officer. Under the Disputes Article (Article 15) of the contract, plaintiff had the right to appeal the contracting officer's decision

within 30 days thereof to the Chief of Engineers. Plaintiff apparently made timely appeal but it is not clear as to how it was treated by the defendant. Apparently the Chief of Engineers returned the appeal to the contracting officer who denied the claim as if it were an original request for a change order and plaintiff was notified of his right to appeal this action in a letter dated May 14, 1953. Plaintiff took its appeal to the Corps of Engineers Claims and Appeals Board which, by decision dated August 22, 1955, was denied. No further action was taken on the claim until filing of suit in this court on June 9, 1958.

The plaintiff's petition does not allege the date when the contract was completed, but a letter from defendant, attached as an exhibit to plaintiff's brief, states that the work was completed and accepted on March 18, 1952. Also Change Order No. 1 provided in addition to the $7,207.39 increase in contract price an extension of the time for completion of the contract to March 18, 1952.

Under the facts herein presented the court is of the opinion that plaintiff is either barred by the statute of limitations for failing to bring suit within six years after the time its claim first accrued or is barred by the finality of the Corps of Engineers Claims and Appeals Board's decision for failure to appeal such decision to the Secretary of the Army as required by Article 15 of the contract.

The plaintiff contends with regard to the statute of limitations that the accrual of its cause of action was on August 22, 1955, when the adverse decision was rendered on its claim by the Chief of Engineers through his authorized agent the Claims and Appeals Board. Plaintiff says this is so because Article 15 authorizing the appeal from the contracting officer's decision was "mandatory rather than permissive with respect to the administrative remedies to be pursued. Consequently, the plaintiff's claim cannot accrue until these remedies have been exhausted or otherwise vitiated." Assuming this statement to be true, then plaintiff is faced with the further proviso of Article 15 which states that the decision of the Engineer Board shall be:

" * * * final and conclusive upon the parties hereto unless, within 30 days after the receipt thereof by the Contractor, he appeals in writing to the Secretary of the Army. * * * "

Plaintiff failed to appeal the Engineer Board's decision to the Secretary and under the decisions of this court and the Supreme Court plaintiff has failed to exhaust its administrative remedies and may not seek relief in a court of law. United States v. Callahan Walker Construction Co., 317 U.S. 56, 63 S.Ct. 113, 87 L.Ed. 49; United States v. Blair, 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039; United States v. Joseph A. Holpuch Co., 328 U.S. 234, 66 S.Ct. 1000, 90 L.Ed. 1192; Pyle v. United States, Ct.Cl., 163 F.Supp. 853; Henry E. Wile Co. v. United States, Ct.Cl., 169 F.Supp. 249.

In order to avoid the effect of these decisions, plaintiff contends that the question here decided by the Engineer Board was one of law and as such did not fall within the purview of the Disputes clause of Article 15. It seems to us that plaintiff is caught on the horns of a dilemma of its own making. This results from the inescapable conclusion that if the question to be decided was one of law and the contracting officer and Engineer Board were without authority to decide it, then no cause of action accrued as a result of this adverse decision. Thus admitting the inapplicability of Article 15, plaintiff's cause of action must have accrued no later than the date when the contract was completed (March 18, 1952) or the date (April 10, 1952) when a demand for increased costs occasioned by an earlier breach was made. These dates were more than six years prior to the filing of suit (June 9, 1958) in this court.

It should also be noted that final payment was made to plaintiff more than six years from the date of the suit with the exception of $100. Plaintiff contends that since the $100 was finally paid with-

in the 6-year period its claim accrued as of that time, citing B.-W. Construction Co. v. United States, 100 Ct.Cl. 227 and Austin Engineering Co. v. United States, 88 Ct.Cl. 559. There is no merit in this contention. The gravamen of those cases is that a cause of action accrues upon a contract when the work is completed and a final voucher presented. See also Pink v. United States, 85 Ct.Cl. 121, wherein it was said:

" * * * It has been repeatedly held by this court that under a contract to perform work, the completion and acceptance date starts the statute to run. It is the completion of the service called for under the contract and not the date of any payment subsequently made."

Here plaintiff completed the work called for, presented its final voucher and the work was accepted by the Government more than six years prior to filing suit. It would necessarily follow that if plaintiff's claim for breach of contract involves a question of law, it is now barred by the statute of limitations.

Since plaintiff's cause of action for a breach of contract must be predicated either on a question of law or a question of fact, and if fact is barred by its failure to exhaust administrative remedies, and if law, is barred by the statute of limitations, the court can see no useful purpose in making a determination as to whether plaintiff's claim is based upon a breach resulting from an error of law or fact, because in either event the petition must be dismissed.[1]

Defendant's motion for summary judgment dismissing plaintiff's petition is therefore granted, and plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.

---

[1]. Defendant's claim of an accord and satisfaction being unnecessary to resolve the suit in the Government's favor will not be discussed.