SPECIALTY ASSEMBLING AND PACK-ING COMPANY, Inc.

v.

The UNITED STATES.

Claim No. 204–57.

United States Court of Claims.

Decided Feb. 7, 1962.

Harold I. Cammer, New York City, for plaintiff.

Edwin J. Reis, Washington, D. C., with whom was Asst. Atty. Gen., William H. Orrick, Jr. for defendant. Martin E. Rendelman, Chevy Chase, Md., was on the briefs.

DURFEE, Judge.

The petition on which this case is predicated sets forth eighteen causes of action on nine separate contracts awarded to plaintiff on various dates between May 25, 1949 and June 23, 1950, for manufacture of several types of electrical equipment. The odd-numbered count on each contract sets forth a cause of action for breach of contract, while the even-numbered count states a claim for equitable adjustment under the "Changes" article of each contract.

In its motion for summary judgment, the Government avers that each cause of action for equitable adjustment must fail due to plaintiff's failure to pursue the administrative remedies as required under the contracts for settlement of claims arising under the Changes articles of the contracts, and that the breach of contract claims of two of the contracts are barred by the statute of limitations, 28 U.S.C. § 2501, having accrued more than six years prior to the filing of the original petition in this litigation. Finally defendant avers that all of the breach of contract claims must be denied inasmuch as plaintiff may not be allowed to circumvent the administrative remedies required pursuant to Changes articles and thereby confer original jurisdiction over such claims upon this court merely by designating such claims as sounding in breach of contract rather than equitable adjustment pursuant to the Changes articles.

The nine contracts contained two types of Changes provisions, one requiring assertion of any claim arising thereunder prior to the date of final settlement, and the other requiring assertion of the claim within thirty days of the contractor's receipt of notification of change while allowing the contracting officer discretion to receive and act upon claims submitted at any time prior to final payment. Uncontradicted evidence in defendant's exhibits establishes that plaintiff had received final payment for each of the contracts here involved prior to July 1, 1955. The exhibits also indicate that the first formal claim filed with a contracting officer for equitable adjustment was not made until December 17, 1956, clearly beyond the time permitted under either of the types of Changes articles provided under the contracts. While plaintiff concedes that absent other circumstances these facts would justify the granting of the Government's motion on these counts, plaintiff asserts that various letters written by it to the respective contracting officers within the time limitations provided under the Changes clauses constituted timely assertions of claims arising under those clauses, and that in the presence of doubt as to the effect of these letters, the Government's motion for summary judgment must be denied under Rule 51(d) of the rules governing practice before this court, 28 U.S.C.

Plaintiff attaches letters as exhibits to its papers opposing the Government's motion for summary judgment, by which it aspires to establish doubt as to the issue involved. These letters express concern over certain government action under the contracts and contain reminders that costs were rising due to the advent of the Korean conflict, accompanied by ambiguous requests for some sort of relief from the burdens of increasing costs. The Armed Services Board of Contract Appeals, which decided in 1959

that appeals filed with it in 1957 on two of the contracts were untimely, found that these letters did not constitute claims for equitable adjustment within the terms of the contracts. Plaintiff does not allege that this decision was arbitrary, capricious, or unsupported by the evidence. We believe that decision was correct. Perhaps a claim registered pursuant to a Changes clause of a government contract need not specify that clause particularly as a basis for relief, but it must bear some of the attributes of a claim itself, purporting to be in the nature of a claim as of legal right as opposed to a request for grace. The letters contained in plaintiff's exhibits do not even specify the amount of relief sought. They express mere ambiguous requests for adjustments or possible negotiations regarding adjustments as distinguished from demands predicated upon an expressed contractual right. The Changes provisions of the contracts designate a particular procedure for dealing with claims of the nature of those asserted by plaintiff in the instant proceeding. The Armed Services Board of Contract Appeals found that plaintiff did not assert these claims in the manner prescribed by the contracts. Plaintiff has presented nothing to indicate that the decision below was in any way erroneous, let alone arbitrary, capricious, or unsupported by the evidence.

Were we to find that the letters designated by plaintiff constituted claims within the purview of the contract provisions, it would be tantamount to a rewriting of the terms of the contracts. We conclude, therefore, that plaintiff's claims, based on the Changes provisions of the nine contracts, are barred due to failure of plaintiff to exhaust the administrative remedies required by the contracts.

We agree with the Government's position that plaintiff cannot avoid the consequences of its failure to comply with the procedural requirements of the Changes provisions of the contracts merely by designating claims that would normally be deemed to fall within their purview as being for breach of contract. We are not prepared, however, solely on the basis of the papers before us on this motion, to hold that those claims properly fall within the Changes provisions of the contracts. Whether they are or not will be readily apparent after evidence is submitted upon trial regarding the nature of the wrongs alleged by plaintiff in its claims based on alleged breaches of contracts.

Finally, plaintiff concedes that its counts alleging breach of contract on the two contracts in which final deliveries were made on March 28, 1951 and January 16, 1951 are barred by our six-year statute of limitations, 28 U.S.C. § 2501, inasmuch as the petition in this action was not filed until April 26, 1957. Plaintiff contends that while the claims for breach of these contracts may be barred by the statute of limitations, the claims under the Changes provisions of these contracts are not barred because the statute of limitations did not begin to run on these claims until after the Armed Services Board of Contract Appeals had decided in 1959 that they were untimely. Whatever the merit of plaintiff's position, inasmuch as we have concluded that plaintiff is at this time prevented from asserting the claims accruing under the Changes provisions of the nine contracts due to failure to pursue its administrative remedies in the manner required by the contracts, plaintiff's claims based on the Changes provisions of the last two contracts discussed must in any event fail.

For the reasons discussed above, defendant's motion for summary judgment will be granted, and the petition will be dismissed as to the claims based upon the Changes provisions of the nine contracts (counts 2, 4, 6, 8, 10, 12, 14, 16, and 18 of the amended petition), and as to the claims for breach of the two contracts barred by the statute of limitations (counts 15 and 17 of the amended petition). Defendant's motion for summary judgment will be denied as to counts 1, 3, 5, 7, 9, 11, and 13, and further proceed-

ings will be had on these counts before the trial commissioner of this court.

It is so ordered.

REED, Justice (Ret.) sitting by designation, JONES, Chief Judge, and LARAMORE and WHITAKER, Judges, concur.