Ellard G. CONN and Victor Conn, doing business as Conn Structors, and Cheshire National Bank of Keene, New Hampshire

v.

The UNITED STATES.

No. 158–61.

United States Court of Claims.

Oct. 14, 1966.

Albert E. Mayer, Atlanta, Ga., attorney of record for plaintiffs. Walters, Moore & Costanzo, Miami, Fla., McNutt, Dudley & Easterwood, and O. P. Easterwood, Jr., Washington, D. C., of counsel.

Lawrence S. Smith, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

## OPINION

PER CURIAM.*

This opinion is not concerned with the merits of this action. By agreement and at the request of the parties the sole question presented for decision at this time is the extent to which the plaintiffs' several claims are time-barred.

A brief discussion of the development of the case into its present posture is appropriate, especially in view of the age of the case and the fact that the defendant has yet to file an answer.

The suit arises out of eleven contracts, identical in all relevant respects, awarded plaintiffs between May 21, 1952 and July 24, 1952, by the Army Corps of Engineers for the construction of certain buildings at Charleston Air Field, Charleston, South Carolina.

The petition, drawn in two counts, was filed here on April 24, 1961. Count One

---

* This opinion is largely based upon parts of the opinion prepared, at the direction of the court, by Trial Commissioner George Willi.

pleads twenty-eight separate instances, covering all eleven contracts, in which it is alleged that the defendant improperly failed to award plaintiffs' equitable adjustments. Count Two pleads a series of alleged breaches of the same contracts presumably based on the same occurrences that are the subjects of the twenty-eight claims advanced in Count One. Verbiage aside, this subject matter overlap is conclusively demonstrated by the following averment contained in both the original petition and the later-filed amended petition (Count Two, par. 4):

> Petitioner hereby stipulates and agrees that if any of the Items 1 through 27[1] are favorably considered, to deduct the amount so allowed for such item by this Honorable Court from the Second Cause of Action; likewise, petitioner hereby agrees to dismiss either the First Count or the Second Count if either should be considered favorably in its entirety.

Similarly, the prayers in the two petitions seek alternative, not cumulative relief under the two counts pleaded.

On October 23, 1961, the defendant moved for summary judgment on the ground that neither count of the petition stated a claim on which relief could be granted. By an order of February 2, 1962, the court denied defendant's motion.

On June 20, 1962, after allowance of defendant's motion for a more definite statement, the plaintiffs filed an amended petition, in two counts, essentially similar to the original.

Instead of renewing its motion for a more definite statement, the defendant again moved for summary judgment. This time it urged that claims one through five of Count One failed to state a claim on which relief could be granted. In addition, the defendant contended that all of the remaining claims of Count One as well as the breach claims contained in Count Two were barred by the expiration of the statute of limitations.

After hearing argument, the court, by an order of May 20, 1963, dismissed claims one through five of Count One and otherwise denied defendant's motion without prejudice, remanding the case to the trial commissioner for further proceedings. On July 12, 1963, the court denied defendant's motion for clarification and amendment of this order.

Thereafter counsel for the parties met with the trial commissioner and agreed that the case should be presented on the basis of a review of the administrative record, which record (consisting of papers contained in ten packing cases) was received in evidence as were the parties' exhibits previously filed in the two summary judgment proceedings.

After arrangements were thus concluded for proceeding under an assignment of errors to be filed by the plaintiffs, but before any submissions had been filed pursuant thereto, counsel again approached the commissioner and requested that the agreed procedure be vacated and the threshold question of limitations be isolated for final decision.

In accordance with request of counsel, the commissioner issued an order of severance under Rule 47(b) and prescribed a schedule for the seriatim submission of requested findings of fact and briefs.

The opposing contentions of the parties may be briefly stated. As initially presented, the defendant's contention was that the claims herein asserted are only timely to the extent that the court finds that they were embraced by the standard disputes clause contained in each of the eleven contracts in suit so that administrative fact-finding was both mandatory and exclusive by virtue of the parties' contractual undertakings and the provisions of the Wunderlich Act, 41 U.S.C. § 321. Such claims are timely, the defendant conceded, because it is undisputed that each of the several proceedings before the Armed Services Board of Contract Appeals terminated less than six years prior to institution of the present suit. With respect, however, to those claims as to which the court feels

---

1. In fact, both the original and amended petitions plead 28, not 27, separately numbered claims under Count One.

free to make its own original factual determinations, the defendant contended that suit is barred because the construction contracts out of which the claims arose were completed, and the work done thereunder formally accepted, more than six years before filing of the instant suit. Later, the defendant expanded its argument (after the Government's position was clarified as a result of the presentation of Nager Elec. Co. v. United States, Ct.Cl., 368 F.2d 847, decided this day) to contend that the entire suit was barred since the petition was filed more than six years after completion and acceptance of the work.

For their part, the plaintiffs have contended that all of the claims sued on are timely whatever their intrinsic nature, because it was not until approximately one year prior to filing of the petition here that the plaintiffs received their final vouchers and estimates under the contracts in suit. It was not until then, plaintiffs say, that it was clear that no further work would be required of them under the contracts, and it is therefore at that time that all claims arising out of the contracts first accrued for purposes of suit.

The relevant contract provisions and operative facts are detailed in the findings of fact accompanying this opinion. Each of the eleven contracts contained the standard clauses covering: (1) Changes and Extras, (2) Changed Conditions, (3) Delays-Damages, (4) Suspension of Work, and (5) Disputes.

Each of the claims pleaded in Count One of the amended petition was presented to and considered by the contracting officer and the Armed Services Board of Contract Appeals.

It is agreed by the parties that in none of the eleven contracts in suit were proceedings before the ASBCA concluded more than six years prior to institution of suit in this court.

■■ The nature of each of the claims set forth in Count One of the petition is detailed in the findings of fact filed in conjunction herewith. The several contract clauses previously referred to herein, either alone or in combination, afforded basis for awarding plaintiffs complete relief on each of such claims when presented, as they were, to the ASBCA for review of the contracting officer's determinations. In turn, as acknowledged on the face of both the petition and amended petition, an award of complete relief on the claims embodied in Count One would constitute complete relief under the claims averred in Count Two, albeit such averments denominate the latter claims as being for breach of contract. It is now settled that the descriptive label affixed to a claim for pleading purposes is not determinative of its real nature. United States v. Utah Constr. & Mining Co., 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966); United States v. Anthony Grace & Sons, Inc., 384 U.S. 424, 86 S.Ct. 1539, 16 L.Ed.2d 662 (1966); Morrison-Knudsen Co. v. United States, 345 F.2d 833, 170 Ct.Cl. 757 (1965); Speciality Assembling & Packing Co. v. United States, 298 F.2d 794, 796, 156 Ct.Cl. 252, 255 (1962). It is therefore concluded that all claims now before this court were within the jurisdiction of the ASBCA.

■■ The corollary of a finding of board jurisdiction in respect to a particular contract dispute is that the statute of limitations for the institution of suit thereon cannot commence to run until final board action occurs. Nager Elec. Co. v. United States, Ct.Cl., 368 F.2d 847, decided this day. This court has so held in the past. E. g., Holton, Seelye & Co. v. United States, 65 F.Supp. 903, 907–908, 106 Ct.Cl. 477, 500–502 (1946); Cosmopolitan Mfg. Co. v. United States, 297 F.2d 546, 547–548, 156 Ct.Cl. 142, 144 (1962). Since such action did not occur with respect to the claims here involved until less than six years prior to filing of the petition in this court, the bar of limitations does not apply.

■ In sum, it is held that all claims remaining in suit are timely because it is undisputed that with respect to each of the eleven contracts involved there were claims subject to the contract re-

quirement of initial determination at the administrative level and such administrative action was concluded far less than six years prior to the filing of suit. See 60–1 CCH BCA, pars. 2518, 2551, 2569 and 2627. We hold, and have held, that the existence of even one such claim under a particular contract forestalls the running of the period of limitations on suit as to all other claims pertaining to the same contract. See Nager Elec. Co. v. United States, Ct.Cl., 368 F.2d 847, decided this day; Austin Eng'r Co. v. United States, 88 Ct.Cl. 559, 563–564 (1939); Holton, Seelye & Co. v. United States, 65 F.Supp. 903, 906–907, 106 Ct.Cl. 477, 498–501 (1946). If, however, the time-period began at the completion-and-acceptance of the contracts in 1953 and 1954 but limitations was tolled during the administrative process (see the dissenting opinion in Crown Coat Front Co. v. United States, 363 F.2d 407 (C.A. 2, decided June 22, 1966), and Northern Metal Co. v. United States, 350 F.2d 833 (C.A.3, (1965)), all the claims now in the case were nevertheless timely when the petition was filed in 1961. Any excess over six years was more than compensated by the period of administrative consideration.